Rhode v. Bank.

RHODE v. BANK ET AL.

1. **Life Insurance:** PROCEEDS OF: DISTRIBUTION. Under section 1182 of the Code, the proceeds of a policy of insurance upon the life of an individual become the separate property of the husband, or wife and children, of such individual, or, in case the insured leaves a wife and no children, of the wife, to the exclusion of the other heirs, and section 2372 should be construed in harmony with such provisions.

| 52 | 375 |
| 101 | 136 |
| 52 | 375 |
| d104 | 359 |

| 52 | 375 |
| 110 | 214 |
| 52 | 375 |
| 108 | 699 |

*Appeal from Lee Circuit Court.*

TUESDAY, DECEMBER 2.

ADALBERT H. F. RHODE, deceased, at the time of his death held an insurance policy on his life in the Mutual Benefit Life Insurance Company. The policy was for $1,000, payable to the assured, his executors, administrators or assigns.

The plaintiff is the widow of said Rhode, and he left no children surviving him, and never had any children as the fruits of his marriage with plaintiff.

The defendant Henry Bank is the administrator of the estate of said Rhode, and as such collected upon said insurance policy the sum of $992.56. The intervenors are the brothers and sisters of said Rhode, deceased. They are the next of kin, and, with plaintiff, are the only heirs at law of said deceased.

The plaintiff, by this action, claims that she is entitled to the whole of the proceeds of said insurance policy. The intervenors claim that they, as brothers and sisters of the deceased, are collectively entitled to one-half of such proceeds, and that plaintiff is entitled to the other one-half.

The Circuit Court adjudged to the plaintiff one-half, and to the brothers and sisters of the deceased one-half. Plaintiff appeals.

*Gillmore & Anderson,* for appellant.

*R. H. Sherman,* for the administrator.

*Sprague & Gibbons,* for intervenors and appellees.

ROTHROCK, J.   Section 1330 of the Code of 1851 provided that, "The avails of any life insurance are not subject to the debts of the deceased, except by special contract or arrangement, but shall, in other respects, be disposed of like other property left by the deceased." The same provision was contained in the Revision of 1860, section 2362.  By the 18th section of chapter 173, acts of the 12th general assembly, it was provided that, "A policy of life insurance on the life of an individual, in the absence of an agreement or assignment to the contrary, shall inure to the separate use of the husband or wife and children of said individual, independently of his or her creditors; and an endowment policy, payable to the assured on attaining a certain age, shall be exempt from liability for any of his or her debts."  This provision was incorporated in the Code of 1873, section 1182.  Section 2372 of the Code is also identical with section 1330 of the Code of 1851, and section 2362 of the Revision of 1860.

*1. LIFE insurance: proceeds of, distribution.*

"It is a rule of construction that when a doubtful statute is susceptible of two constructions, one of which will give effect to the whole, and the other render inoperative a portion thereof, the former should prevail." *Rheim v. Robbins*, 20 Iowa, 45.  Another rule to be observed is, that two or more statutes on the same subject must be construed with reference to each other.

Applying these rules in construing these two sections, it seems to us that the wife is entitled to the whole of the insurance.   We reach this conclusion upon the strength of section 1182 of the Code, which provides that the policy shall inure to the separate use of the husband, or the wife and children. This provision, as we have seen, was first enacted in the laws of the 12th general assembly.   At that time section 2362 of the Revision was in force, which provided that the avails of life insurance should not be subject to the debts of the deceased, but should in other respects be disposed like other property left by the deceased.   Both provisions having been retained, both must be considered in force.   Each, too, must be so construed that it will have a force of its own, unless its

provisions are so repugnant to the other that no force can be given thereto. It will not do to say that after the enactment of the laws of the 12th general assembly the law upon the subject stood precisely as it did before—that is, the avails of life insurance were not subject to debts, and descended to the heirs of the decedent according to the general law of distribution. Yet that is the effect of the ruling of the court below. Under that ruling no case can be supposed, so far as we can see, where any person's rights would be different in any respect by reason of that enactment.

The provision was manifestly designed to restrict the distribution of the avails of life insurance to the classes named. We do not infer this merely from the fact that the legislature must be presumed to have had some object. The language used indicates very clearly that the legislature had in view restriction in distribution. The provision is that the policy shall inure to the separate use of, etc. Now these words are not used to cut off creditors. They were cut off before. Separate use, therefore, does not mean a use separate from the creditors. The restriction, then, must have reference to those who might otherwise take as distributees.

The provision of section 2372 of the Code, that the avails of life insurance "shall in other respects be disposed of like other property left by the deceased," does not necessarily mean that it shall be distributed to the same class or classes of persons. The avails will, in some sense at least, be disposed of like other property left by the deceased, if distributed by the administrator to the persons entitled thereto under the law governing the distribution. It should be restricted to the classes named in section 1182, if both or one exists; but if not, it should be distributed according to the general statute for the distribution of property. This construction gives each one of the sections in question a force of its own, and we think does violence to neither. ·

REVERSED.