IN RE WILL OF CHARLES GRILK.

No. 40179.

JUNE 23, 1930.

*W. H. Shorey* and *Albert W. Hamann,* for appellant.

*Charles H. Wilson* and *Bollinger & Block,* for appellees.

MORLING, C. J.—The only question presented is whether the effect of the will is to appropriate the proceeds of the life insurance to the payment of debts. The will reads:

"I will and direct that all my just debts * * * be first paid out of my estate. Item II. [By this item testator makes three legacies of $500 each to employees.] Item III. All the rest, residue and remainder of my estate, real, personal and mixed, of whatsoever kind and nature, and wherever situated, I hereby give, devise and bequeath unto my beloved wife, Marion E. Grilk, to have and to hold the same unto her and her heirs and assigns, absolutely and forever."

The will appoints the widow and another as executors, with power to sell and convert into cash "all stocks, bonds, and all property I may own at the time of my death, be the same real, personal or mixed, in accordance with their judgment and discretion, including all real estate * * * without any application to * * * the probate court * * * intending that my executors shall have the same right, power and authority in the premises as I myself have while living."

The objecting creditors contend that the life insurance payable to the estate or personal representatives is a part of the estate (citing *Miller v. Miller,* 200 Iowa 1070); that, as the will directs payment of debts out of the estate, and bequeaths the residue of the estate to the widow, its legal effect is to subject or appropriate the proceeds of the life insurance to the payment of debts (citing *In re Estate of Caldwell,* 204 Iowa 606). In the *Miller* case it was held, in substance, that the avails of life insurance policies payable to the estate, or to the personal representatives, belonged to the estate, and were subject to disposition by will. The *Caldwell* case holds that a clear purpose evinced by the will to provide for payment of debts out of the proceeds of such life insurance will be given effect. In both cases, the will in specific terms bequeathed the life insurance.

By Section 8776, Code, 1924 (Code, 1897, Section 1805), it is provided:

"A policy of insurance on the life of an individual, in the absence of an agreement or assignment to the contrary, shall inure to the separate use of the husband or wife and children of said individual, independently of his creditors. The proceeds of an endowment policy payable to the assured on attaining a certain age shall be exempt from liability for any of his debts. Any benefit or indemnity paid under an accident policy shall be exempt to the assured, or in case of his death to the husband or wife and children of the assured, from his debts. The avails of all policies of life or accident insurance payable to the surviving widow shall be exempt from liability for all debts of such beneficiary contracted prior to the death of the assured, but the amount thus exempted shall not exceed $5,000."

Section 11919 (Section 3313, Code, 1897,) declares:

"The avails of any life or accident insurance, or other sum of money made payable by any mutual aid or benevolent society upon the death or disability of a member thereof, are not subject to the debts of the deceased, except by special contract or arrangement, and shall be disposed of like other property left by the deceased."

These statutes, particularly the latter, plainly establish public policy of the state that the avails of life insurance shall be devoted to the benefit of surviving spouse and children, free from payment of debts. These statutes are a part of the exemption legislation of the state, the main purpose of which is to support and protect the family, the spouse and children, and to educate and train the young. Such statutes are to be liberally construed toward effectuating that purpose. *Schooley v. Schooley,* 184 Iowa 835. The law enters into testamentary provisions. These must be construed, as far as possible, in harmony with the law and with public policy. Intention to waive the benefit of exemption laws must be clearly expressed. *Larson v. Curran,* 121 Minn. 104 (140 N. W. 337); 25 Corpus Juris 113. Such clearness of expression is, as applied to the case before us, required by the statute, which allows exception only "by special contract or arrangement." We have here no "special contract or arrangement." *Larrabee v. Palmer,* 101 Iowa 132. This will makes no reference in terms to life insurance. No purpose to dispose of the life insurance, or to

deprive the widow of the benefits which law, custom, and prudence of husband have sought to provide, is disclosed. It is sought here only to infer a purpose to dispose of the life insurance. Life insurance payable to personal representatives or to the estate, while, from legal logic or necessity, a part of the estate, is, by force of the statute, held by the personal representatives in trust for distribution to the statutory beneficiaries. The personal representatives collect it, not for administration generally, but for the purpose of distribution to particular beneficiaries, in obedience to statutory command. Testator knew that his life insurance was exempt from use in payment of debts, and knew that, under the law, in the absence of a will or agreement or assignment to the contrary, it would inure to the benefit of his widow. It is not to be lightly inferred that testator regarded his life insurance as part of his estate in the sense that it should be distributed to his creditors, in preference to his widow, or that he intended that his widow should forego the right or expectation which, under the law and its policy, and in pursuance of ordinary family prudence and foresight, she would have in it. In the drafting of wills, a direction such as that before us is so formal as to be no more than mechanical. It would be giving to this formal direction altogether too much importance to hold that thereby the testator intended to appropriate to the payment of debts the provision which the law, expressly and by its policy, and which ordinary prudence, in the absence of clear intention to the contrary, appropriates to the maintenance of the family. See, as quite analogous, *Larson v. Curran,* 121 Minn. 104 (140 N. W. 337). See, also, *In re Estate of McAllister,* 191 Iowa 906, 916; *In re Estate of Ensign,* 181 Iowa 1081.—*Affirmed.*

EVANS, STEVENS, DE GRAFF, ALBERT, and WAGNER, JJ., concur.

FAVILLE, KINDIG, and GRIMM, JJ., dissent.