IN RE ESTATE OF MARY O. GALLOWAY.

HARBACH FUNERAL HOME, Appellee, v. VERNON W. LYNCH, Administrator, Appellant.

No. 43436.

SEPTEMBER 29, 1936.

REHEARING DENIED DECEMBER 17, 1936.

Vernon W. Lynch, for appellant.

Theo. P. Eslick, C. B. Stull, and Richard S. Ries, for appellee.

MITCHELL, J.—The admitted and stipulated facts are that Mary O. Galloway died intestate on the 12th day of November,

1932, in the city of Des Moines, and left surviving her as her only heir at law, a minor son, of the age of nine years. She and her husband had been divorced. The only funds coming into the hands of her administrator were the proceeds of a life insurance policy upon her life, which are the only assets in the estate.

The appellee filed its claim for funeral expenses. The administrator refused payment.

The reasonableness of the claim is not questioned. The only question in the case is whether or not the administrator should, out of the proceeds of this life insurance policy, pay the funeral expenses. The lower court allowed the claim and ordered it paid. The administrator has appealed.

Section 8776 of the Code of Iowa, 1931, provides as follows:

"A policy of insurance on the life of an individual, in the absence of an agreement or assignment to the contrary, shall inure to the separate use of the husband or wife and children of said individual, independently of his creditors. * * *"

In the case of Miller v. Miller, 200 Iowa 1070, 205 N. W. 870, 872, 43 A. L. R. 567, in construing this statute, this court said at page 1073:

"It is true that the proceeds of an ordinary life policy payable to the estate of the deceased can never come into his possession, and are payable to his executors or administrators only after his death. Nevertheless, it is a valid and subsisting contract, and ripens immediately upon his death into a chose in action; and, unless the distribution thereof is controlled by statute, the proceeds of a policy payable to the estate or executors or administrators of the insured would pass, under the general statute of descent, to his heirs. The executors or administrators of the estate of the insured are not beneficiaries, but in their representative capacity the proceeds are payable to them for the purpose of distribution to the beneficiaries."

In the recent case of In re Will of Grilk, 210 Iowa 587, 231 N. W. 327, 328, Justice Morling, speaking for the court, said at page 589:

"These statutes, particularly the latter, plainly establish public policy of the state that the avails of life insurance shall be devoted to the benefit of surviving spouse and children, free from

payment of debts. These statutes are a part of the exemption legislation of the state, the main purpose of which is to support and protect the family, the spouse and children, and to educate and train the young. Such statutes are to be liberally construed toward effectuating that purpose. Schooley v. Schooley, 184 Iowa 835, 169 N. W. 56, 11 A. L. R. 110. The law enters into testamentary provisions. These must be construed, as far as possible, in harmony with the law and with public policy. Intention to waive the benefit of exemption laws must be clearly expressed. * * * Life insurance payable to personal representatives or to the estate, while, from legal logic or necessity, a part of the estate, is by force of the statute, held by the personal representatives in trust for distribution to the statutory beneficiaries. The personal representatives collect it, not for administration generally, but for the purpose of distribution to particular beneficiaries, in obedience to statutory command. Testator knew that his life insurance was exempt from use in payment of debts, and knew that, under the law, in the absence of a will or agreement or assignment to the contrary, it would inure to the benefit of his widow. It is not to be lightly inferred that testator regarded his life insurance as part of his estate in the sense that it should be distributed to his creditors, in preference to his widow, or that he intended that his widow should forego the right or expectation which, under the law and its policy, and in pursuance of ordinary family prudence and foresight, she would have in it.''

Thus we find this court has said that life insurance passes to the estate for the purpose of distribution to the beneficiaries. It is exempt under the statute from the payment of decedent's debts. The personal representative, or the estate, holds the money received from life insurance policies, in trust for the benefit of those designated to receive it under the statute. It does not come to the estate for the purpose of paying the debts of the personal representative, or the costs of administration, but purely as a trust fund, to be distributed to the beneficiary specified in the statute.

It therefore follows that the claim of the appellee cannot be paid out of the proceeds of this insurance policy, for the legislature of Iowa has seen fit to exempt this money from the payment of obligations of the decedent, and in construing this stat-

ute, it has been held by this court that the money simply passes into the hands of the estate for the purpose of distribution to the beneficiaries.

It therefore follows that the lower court was wrong, and the judgment and decree of the lower court must be, and it is hereby, reversed.

PARSONS, C. J., and DONEGAN, KINTZINGER, HAMILTON, STIGER, and RICHARDS, JJ., concur.

ALBERT, J., dissents.