IN RE ESTATE OF CLEMENS.

ISABELLE CLEMENS, Appellant, v. WILLIAM J. GOODWIN, JR., Executor, Appellee.

No. 44513.

DECEMBER 13, 1938.

REHEARING DENIED APRIL 7, 1939.

Eugene T. Burke, Walter W. Eggers, Stipp, Perry, Bannister & Starzinger, and Donald D. Holdoegel, for appellant.

Gibson, Stewart & Garrett and Wendell B. Gibson, for appellee.

MITCHELL, J.—The facts in this case are not in dispute. It is the interpretation of the law that has resulted in the controversy.

Lynn V. Clemens was married to Edna Belle Bingaman and they had one child, Isabelle Clemens. In 1913 they were divorced. The decree awarded the wife the sum of $500 as permanent alimony for the support of herself and minor child. Clemens thereafter married Faye Clemens, and they had one child, Lynn V. Clemens, Jr., who was at the time of the hearing ten years of age.

In 1928 Faye Clemens, the second wife died. Lynn V. Clemens died on September 23, 1936.

On March 19, 1918, Lynn V. Clemens executed his last will and testament as follows:

"In the Name of God, Amen! I Lynn V. Clemens being of

sound mind and memory, but knowing the uncertainty of human life, do now make and publish this my last will and testament, that is to say: I hereby bequeath all my personal property and belongings to my wife, Mrs. Faye Clemens. The above to cover all real estate, moneys and everything belonging to me and in my name at the time of my death, that requires legal transmission to beneficiary named in this document,'' which was duly admitted to probate. Clemens left various items of real and personal property, and in addition thereto, three policies of life insurance, all payable to Faye Clemens, his second wife, upon condition that she survive him, but if not, then to his estate. The policies were in the aggregate sum of $7,000, but had certain loans against them. The estate collected the sum of $4,203.09.

Isabelle Clemens, the daughter by the first marriage, filed an application, asking that the court enter an order, authorizing and directing that the executor of the estate of her father pay to her the sum of $2,101.54. The lower court denied the application, and she has appealed.

The sole question for determination is whether Isabelle Clemens, the daughter by the first marriage, is entitled to share with Lynn V. Clemens, Jr., son of the second marriage, the proceeds of the life insurance policies left by their father.

In common with the legislatures of many states Iowa has wisely provided by section 8776 of the Code that in the absence of an agreement or assignment to the contrary the proceeds of an insurance policy shall inure to the benefit of the surviving spouse or children of the decedent, independently of his creditors.

The material part of section 8776 of the Code is as follows:

''8776. Policy exempt from execution. A policy of insurance on the life of an individual, in the absence of an agreement or assignment to the contrary, shall inure to the separate use of the husband or wife and children of said individual, independently of his creditors. * * *''

This statute performs a twofold purpose. It provides that the proceeds of insurance shall be exempt from the creditors of the decedent. But it is more than an exemption statute. It specifically provides that if there is no agreement or assignment to the contrary, the surviving spouse or the children of

the decedent shall have the proceeds of the insurance, not only to the exclusion of the decedent's creditors, but likewise to the exclusion of his other heirs at law.

It is recognized by this court, as well as by courts of almost every other jurisdiction, that when insurance is payable to the estate the insured may make specific disposition of the proceeds by provision to that effect in his last will and testament. But, in order that testator may make disposition of the insurance proceeds other than already provided by the statute, there must be an agreement or assignment to the contrary. A specific disposition of insurance proceeds by the terms of the will satisfies this statutory requirement.

This court has also held that no agreement can be implied from the designation of his estate as beneficiary. In the case of In re Estate of Ensign, 181 Iowa 1081, at page 1087, 165 N. W. 319, at page 321, this court said:

"No agreement can be implied, from the designation of his estate as beneficiary, that the proceeds of said insurance should be disposed of according to said Section 3379, and it is in no sense equivalent to an assignment. It is true that said fund became a part of the estate of deceased and was properly collected by the administratrix and must be distributed by her according to law. The only question is whether same is to be divided equally between the surviving widow and the sister of deceased, or whether the whole thereof shall, under Section 1805, inure to the benefit of the surviving widow.".

In the case of In re Estate of McAllister, 191 Iowa 906, 183 N. W. 596, this court, speaking thru Justice Stevens, said at page 915, 183 N. W. at page 600:

"We come now to the cross-appeal of Sue A. McAllister, which involves only the question of the disposition of two policies of life insurance, amounting to $7,000. By a reference to the will, as altered by the testator after the death of his son and grandson, it will be observed that he clearly attempted to give all of his residuary estate to his wife. Of course, the changes in the will which are in the handwriting of the testator could not operate as a codicil, because not witnessed or executed with the formalities required by law. It has been held, however, that same might be taken into consideration for the purpose of

ascertaining the intention of the testator. Matter of King, 97 Misc. Rep. 528, 163 N. Y. Supp. 405. Manifestly, the testator did not intend, to make a gift of his life insurance to any other than his wife. Section 1805, Code 1897, provides that: 'A policy of insurance on the life of an individual, in the absence of an agreement or assignment to the contrary, shall inure to the separate use of the husband or wife and children of said individual independently of his creditors.'

"No agreement or assignment of either of the policies is shown. It is true that Code Section 3313 provides that the avails of any life or accident insurance, or other sum of money made payable by any mutual aid or benevolent society, shall be subject to the debts of the deceased, only by special contract or arrangement, and shall be disposed of like other property left by the deceased. As no specific disposition was made of the life insurance by agreement or assignment, it is our conclusion that same must be disposed of to the wife in accordance with the provisions of Section 1805, which was last enacted."

While we have been furnished with very able briefs by both sides to this controversy, both, for some reason or other, overlook citing the recent decision of this court in In re Galloway's Estate, reported in 222 Iowa 159, 269 N. W. 7, where this court, at page 160 of 222 Iowa, page 8 of 269 N. W., said:

"In the case of Miller v. Miller, 200 Iowa 1070, at page 1073, 205 N. W. 870, 872, 43 A. L. R. 567, in construing this statute, this Court said:

" 'It is true that the proceeds of an ordinary life policy payable to the estate of the deceased can never come into his possession, and are payable to his executors or administrators only after his death. Nevertheless, it is a valid and subsisting contract, and ripens immediately upon his death into a chose in action; and, unless the distribution thereof is controlled by statute, the proceeds of a policy payable to the estate or executors or administrators of the insured would pass, under the general statute of descent, to his heirs. The executors or administrators of the estate of the insured are not beneficiaries, but in their representative capacity the proceeds are payable to them for the purpose of distribution to the beneficiaries."

"In the recent case of In re Will of Grilk, 210 Iowa 587,

at page 589, 231 N. W. 327, 328, Justice Morling, speaking for the Court, said:

" 'These statutes, particularly the latter, plainly establish public policy of the state that the avails of life insurance shall be devoted to the benefit of surviving spouse and children, free from payment of debts. These statutes are a part of the exemption legislation of the state, the main purpose of which is to support and protect the family, the spouse and children, and to educate and train the young. Such statutes are to be liberally construed toward effectuating that purpose. Schooley v. Schooley, 184 Iowa 835, 169 N. W. 56, 11 A. L. R. 110. The law enters into testamentary provisions. These must be construed, as far as possible, in harmony with the law and with public policy. Intention to waive the benefit of exemption laws must be clearly expressed. * * * Life insurance payable to personal representatives or to the estate, while, from legal logic or necessity, a part of the estate, is, by force of the statute, held by the personal representatives in trust for distribution to the statutory beneficiaries. The personal representatives collect it, not for administration generally, but for the purpose of distribution to particular beneficaries, in obedience to statutory command. Testator knew that his life insurance was exempt from use in payment of debts, and knew that, under the law, in the absence of a will or agreement or assignment to the contrary, it would inure to the benefit of his widow. It is not to be lightly inferred that testator regarded his life insurance as part of his estate in the sense that it should be distributed to his creditors, in preference to his widow, or that he intended that his widow should forego the right or expectation which, under the law and its policy, and in pursuance of ordinary family prudence and foresight, she would have in it.'

"Thus we find this court has said that life insurance passes to the estate for the purpose of distribution to the beneficiaries. It is exempt under the statute from the payment of decedent's debts. The personal representative, or the estate, holds the money received from life insurance policies, in trust for the benefit of those designated to receive it under the statute. It does not come to the estate for the purpose of paying the debts of the personal representative, or the costs of administration, but purely as a trust fund, to be distributed to the beneficiary specified in the statute."

Under the agreed statement of facts there was no agreement or assignment of the policies of insurance. There is no mention whatever in the will of the insurance policies. It necessarily follows that the proceeds of the insurance policies passed into the hands of the personal representative, or the estate, as a trust fund, to be distributed to the beneficiaries specified in the statute. One of these beneficiaries under the statute is Isabelle Clemens, daughter by the first wife. The other is Lynn V. Clemens, Jr. They are entitled to share equally in the insurance proceeds.

This case must be, and it is hereby, reversed, and the lower court is ordered and directed to enter an order directing the executor to divide the proceeds of the insurance policies equally between Isabelle Clemens and Lynn V. Clemens, Jr.

The costs of this appeal will be equally divided between the appellant and appellee.—Reversed.

SAGER, C. J., and KINTZINGER, DONEGAN, RICHARDS, STIGER, and HAMILTON, JJ., concur.

ANDERSON, J., concurs in result.