Estate of Jesse Ray Nyemaster, Ray Nyemaster, Jr., Administrator v. Commissioner.
Estate of Nyemaster v. Commissioner
Docket No. 110222.
United States Tax Court
1943 Tax Ct. Memo LEXIS 11; 2 T.C.M. (CCH) 1183; T.C.M. (RIA) 43527; December 29, 1943
*11 Ray Nyemaster, Jr., Administrator, for petitioner. W. Frank Gibbs, Esq., for the respondent. MELLOTT
Memorandum Opinion MELLOTT, Judge: The Commissioner determined a deficiency in estate tax in the amount of $2,080.78. The sole question is whether he erred in including in the gross estate of the decedent the amount of $32,258.53, being the proceeds of insurance taken out by the deceased upon his own life. The facts are found to be as stipulated and briefly are as follows: [The Facts] Jesse Ray Nyemaster, hereinafter sometimes referred to as the decedent, a resident of the city of Davenport, Iowa, died testate on March 10, 1940. He was survived by his son, Ray Nyemaster, Jr., the sole taken and beneficiary of his estate. Ray Nyemaster, Jr., a resident of Des Moines, Iowa, was appointed administrator with the will annexed of decedent's estate by the District Court of the State of Iowa in and for Scott County, March 31, 1940 and was duly qualified as such on that date. During his lifetime the decedent applied for and there had been issued to him and carried by him at the time of his death, seven contracts or policies of insurance upon his life, each of which was made payable *12 "to his executors, administrators, or assigns," as follows: Date of
Policy
Company
policy
number
Amount
Proceeds
Mutual Life Insurance Co. of N. Y.
5- 9-14
2150026
$2,000
$2,010.35
Penn. Mut. Life Ins. Co. of Phila., Pa.
5-22-14
642653
5,000
5,040.75
Mass. Mut. Life Ins. Co.
4-11-17
403740
5,000
5,041.45
Occidental Life Ins. Co. of California
3-26-28
GL-48646
1,000
1,000.00
Conn. Mut. Life Ins. Co. of Hartford, Conn.
7-20-21
441604
5,000
5,038.05
Conn. Mut. Life Ins. Co. of Hartford, Conn.
5-24-23
582591
4,000
4,029.48
N.W. Mut. Life Ins. Co. of Milwaukee, Wis
5-14-27
1991958
5,000
5,098.45
One other policy of insurance was carried by him upon his life payable to "his estate" as follows: Central Life Assurance Society of Des Moines
1-23-30
237200
$5,000
$5,000.00
The total proceeds of the eight policies was $32,258.53 and the total proceeds of all policies of insurance carried by decedent on his life at the time of his death, including the eight policies above referred to, was $36,918.53. The will of the decedent was as follows: In the name of God, Amen, I, Jesse Ray Nyemaster, being of sound mind and memory, but *13 knowing the uncertainty of human life, do now make and publish this, my last will and testament, that is to say: 1st. I desire that all just claims against my estate be paid. 2d. The residue of all property of every description I bequeath to my beloved wife, Clara Elva Nyemaster, to be used and enjoyed by her until she shall marry again. 3d. In case of such marriage, I desire all property of every description remaining to revert to my mother, Fanny J. Nyemaster. Dated at Davenport, Iowa, November 14, 1911. Jesse Ray Nyemaster, Testator. At the time of the execution of his will decedent was married and living with his wife, Clara Elva Nyemaster. Thereafter they had two children, Ray Nyemaster, Jr., born March 23, 1914, and Ruth Jannette Nyemaster, born June 13, 1916. Decedent's wife died September 5, 1936. She was predeceased by decedent's mother, who died on October 31, 1928. Ruth Jannette died November 20, 1933, unmarried, intestate, and without issue. At the date of decedent's death the laws of the State of Iowa provided: Code of Iowa, 1939: Section 11861. "Heirs of devisee. If a devisee die before the testator, his heirs shall inherit the property devised to him, *14 unless from the terms of the will a contrary intent is manifest." Section 11858. "After-born children. Whenever a testator shall have a legitimate child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die leaving such child so after-born unprovided for by any settlement, and neither provided for nor mentioned in such will, every such child shall succeed to and inherit the same interest in such parent's real and personal estate as though no will had been made, and the said interest shall be taken ratably from the interests of heirs, devisees, and legatees." Section 12016. "Descent to children. Subject to the rights and charges hereinbefore provided (distributive share or dower of surviving spouse), the remaining estate of which the decedent died seized shall, in the absence of a will, descend in equal shares to his children, unless one or more of them is dead, in which case the heirs of such shall inherit his or her share in accordance with the rules herein prescribed in the same manner as though such child had outlived its parents." Section 8776. (Enacted April 8, 1968) "Policy exempt from execution. *15 A policy of insurance on the life of an individual, in the absence of an agreement or assignment to the contrary, shall inure to the separate use of the husband or wife and children of said individual, independently of his creditors." On July 15, 1940 the District Court of Iowa in and for Scott County, entered an order in the Estate of Jesse Ray Nyemaster, deceased, as follows: Now on this 15th day of July, 1940, the application of RAY NYEMASTER, JR., Administrator with Will Annexed of the Estate of Jesse Ray Nyemaster, deceased, coming on for hearing, and the court, being fully advised in the premises, finds that Ray Nyemaster, Jr., is the sole surviving child and heir of Jesse Ray Nyemaster, deceased, and that the said Jesse Ray Nyemaster deceased, was unmarried at the time of his death; that, therefore, pursuant to Section 8776 of the Code of Iowa, 1939, there inures to the separate use of the said Ray Nyemaster, Jr., independently of the creditors of Jesse Ray Nyemaster, deceased, or the Estate thereof, a certain policy of insurance, No. 2150026, on the life of Jesse R. Nyemaster in the Mutual Life Insurance Company of New York, there being no agreement or assignment *16 to the contrary; that Jesse R. Nyemaster, the insured in said policy, and Jesse Ray Nyemaster, deceased, were one and the same person. IT IS THEREFORE HEREBY ORDERED that Ray Nyemaster, Jr., Administrator with Will Annexed of the Estate of Jesse Ray Nyemaster, deceased, be and he is hereby authorized and directed to assign and set over unto Ray Nyemaster, Jr., a certain policy of insurance, No. 2150026, on the life of Jesse R. Nyemaster in the Mutual Life Insurance Company of New York, together with the proceeds thereof. W. R. Maines, JUDGE. Pursuant to this order the policy and proceeds were assigned and set over to Ray Nyemaster, Jr. Thereafter he and the insurance company entered into a supplemental contract under which the proceeds of the policy are to be paid to him under the Income Option specified in the policy. On the basis of the order of the court set out above the other policies of insurance here in question were turned over to Ray Nyemaster, Jr., the sole surviving child of the decedent, and the proceeds of the policies were either turned over and delivered to him or settlement between him and the insurance companies was made. On April 14, 1941, there was filed with *17 the collector of internal revenue for the District of Iowa at Des Moines, Iowa, an estate tax return for the Estate of Jesse Ray Nyemaster. In this return the contracts or policies of insurance here in question were listed together with the following statement: STATEMENT AS TO EXEMPTIONS RE INSURANCE: Because of the operation of Sec. 8776 of the Code of Iowa, 1939, the above policies of insurance payable to the insured's administrators, executors or assigns, or to the insured's estate, inured to the separate use of Ray Nyemaster, Jr., the sole surviving child and heir at law of the insured, and the same, therefore, constituted insurance receivable by other beneficiaries under Sec. 811 (g) of the Internal Revenue Code, and the proceeds thereof, being not in excess of $40,000. are not includable in the gross estate of the decedent. It is respondent's position that since the insurance proceeds were payable to the estate they are includible in the gross estate under Section 811 (a) and the first clause of Section 811 (g) of the Internal Revenue Code. [1]
*18 [Opinion] Petitioner contends that under the express provision of the laws of Iowa proceeds of the life insurance policies payable to the decedent's estate inured to the separate use of the surviving son of the decedent, independent of creditors, and therefore the $32,258.53 here in question was not part of the decedent's estate subject to general administration nor includable in gross estate under Section 811 (g). We are of the opinion that the question is controlled by Proutt's Estate v. Commissioner, 125 Fed. (2d) 591 and related cases. [2] In the Proutt case proceeds from policies taken out by the decedent were payable to his executor in trust for the benefit of his wife and daughter. The decedent was a resident of the State of Tennessee, the law of which provided that any life insurance effected by a husband on his own life should insure, in case of his death, to the benefit of his widow and children, free from the claims of his creditors. Michie's Tennessee Code, 1932, Sec. 8450.
*19 In holding that $40,000 of the total amount of insurance was exempt from inclusion in the gross estate under the second clause of Section 811(g), supra, the Court, as did the Court in the Jones case, predicated its decision upon the Federal statute and construed the expression "receivable by the executor" as meaning "receivable for administration and distributable as an asset of the estate." As so construed the controlling test of exemption under Section 811(g) "is the actual beneficiary intended by the insured." The rationale of the Prouit decision is equally applicable here. Under the Iowa statute (Sec. 8776, supra) and the decisions of the Supreme Court of that state, the proceeds of insurance taken out by the decedent on his own life and payable to his executor or his estate are held by the personal representative in trust for the benefit of those designated to receive such money under the statute and it is not available to pay the debts or even the funeral expenses of the decedent In re Galloway's Estate, 222 Iowa 159, 269 N.W. 7; In re Grilk's Will, 210 Iowa 587, 231 N.W. 327. *20 Unless the insured makes specific disposition of such proceeds in his will, it constitutes a trust fund for distribution to the surviving widow and children. In re Clemens Estate, 262 Iowa 31, 282 N.W. 730. It may be assumed that the decedent knew the law of the state of his domicile and intended that the proceeds of insurance taken out on his life should be distributed, upon his death, to his wife or children surviving him, as was actually done. We hold that the proceeds of the life insurance policies are within the second clause of Section 811(g) of the Internal Revenue Code and, since they are not in excess of $40,000 no portion thereof is includable in gross estate. Uncontested adjustments require that the deficiency be recomputed. Decision will be entered under Rule 50.
Footnotes
1. SEC. 811. GROSS ESTATE. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States - (a) Decedent's Interest. - To the extent of the interest therein of the decedent at the time of his death; * * * * *
(g) Proceeds of Life Insurance. - To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.↩
2. See Julia S. Lucky, et al., 2 B.T.A. 1268; Commissioner v. Jones, 62 Fed. (2d) 496; Webster v. Commissioner, 120 Fed. (2d) 514; Boston Safe Deposit and Trust Company v. Commissioner, 100 Fed. (2d) 266; United States v. First National Bank and Trust Company of Minneapolis, et al., ↩ 133 Fed. (2d) 886.