**ESTATE of Sharrine Kay WILSON,**
**Deceased.**

**No. 55524.**

Supreme Court of Iowa.

Nov. 15, 1972.

Bell & Hansen, New London, for appellant.

Elgar Law Office, Mt. Pleasant, for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, REES, and REYNOLDSON, JJ.

RAWLINGS, Justice.

Appeal by Dorothy Wilson, guardian for and conservator of the property of two minors, from court order authorizing payment of reasonable administration fees, costs and expenses from life insurance proceeds paid the estate of Sharrine Kay Wilson, deceased. We affirm.

June 27, 1970, Sharrine died intestate survived by her husband Frank and two minor children. Frank was convicted of manslaughter in connection with Sharrine's death.

Decedent's estate assets totaled $12,225.-85, of which $12,000 was derived from proceeds of two insurance policies on her life, Frank being the designated primary beneficiary, Sharrine's estate being secondary.

Alanson K. Elgar, attorney for the estate, was also appointed administrator. Dorothy Wilson was designated guardian for the children and conservator of their property.

Pursuant to The Code 1971, Sections 633.535–633.536, Frank was judicially barred from any inheritance. Insurance proceeds were also held exempt from claims of creditors.

June 8, 1971, an order was entered, without notice, allowing a $540 fee to the attorney-administrator, and $25 to the guardian ad litem, payable from estate assets to the extent possible, any remainder owing to be paid from life insurance proceeds.

September 20, 1971, upon proper notice to all concerned, after hearing absent any objections, an order was duly entered approving administrator's final report and ordering his discharge upon filing of a compliance report. Twenty-three days later Dorothy, as guardian-conservator, filed an instrument designated "Objections to the Final Report and the Supplemental Final Report", thereby disputing liquidation of estate administration costs and fees from insurance derived funds.

November 29, 1971, a supplemental order was filed by which attorney-administrator fees were found not allowable from insurance receipts on the basis of statutory percentages, therefore reducing same to $300, the admeasurement thereof not being here involved.

With court approval (Iowa R.Civ.P. 333) guardian-conservator appeals contending trial court, sitting in probate, erred in ordering estate administration costs, fees and expenses be paid from any part of funds derived from the life insurance policies.

Administrator-attorney counters the order approving his final report was *res judicata*, and offers no brief in resistance to the argument here advanced by appealing guardian-conservator.

I. Our review is de novo. See The Code 1971, Section 633.33; Iowa R. Civ.P. 334, 344(f)(7); In re Estate of Cory, 184 N.W.2d 693, 696–697 (Iowa 1971).

II. At the threshold, any attempt to understandably resolve the instant problem necessitates a reference to some statutory provisions in the 1971 Code.

Section 633.197 provides, in substance, personal representatives shall be allowed a reasonable fee for services rendered not in excess of specified percentages upon the value of gross assets listed in the probate inventory for state inheritance tax purposes. See also 1925–1926 Op.Atty.Gen. at 380–381; J. Hyland, "Probate Fees—Are You Correctly Computing Yours?", Workshop Outlines, Ninety-Fifth Annual Meeting of the Iowa State Bar Association at 38 (1968); 26 Iowa L.Rev. 579, 581 (1941).

By § 633.198 the estate representative's attorney shall be allowed fees on the same basis, to be taxed as part of administration expenses.

Then § 633.199 permits an award of additional fees to estate representatives and their counsel for extraordinary services and expenses incurred.

Significantly, § 633.200 states:

"The court shall allow and fix from time to time the compensation for fiduciaries, other than personal representatives, and their attorneys for such services as they shall render as shown by an itemized claim or report made and filed setting forth what such services consist of during the period of time they continue to act in such capacities."

And § 633.333 says:

"The avails of any life or accident insurance, or other sum of money made payable to the decedent's estate by any mutual aid or benevolent society upon the death or disability of a member thereof, are not subject to the *debts* of the decedent, except by contract or by express provision in the will, and shall be disposed of like other property left by the decedent." (Emphasis supplied).

Finally, in this vein, § 511.37 declares:

"A policy of insurance on the life of an individual, in the absence of an agreement or assignment to the contrary shall inure to the separate use of the husband or wife and children of said individual, independently of his *creditors*.

"The proceeds of an endowment policy payable to the assured on attaining a certain age shall be exempt from liability for any of his *debts*.

"Any benefit or indemnity paid under an accident, health or disability policy shall be exempt to the assured, or in case of his death to the husband or wife and children of the assured, from his *debts*.

"The avails of all policies of life, accident, health or disability insurance payable to the surviving widow shall be exempt from liability for all *debts* of such beneficiary contracted prior to the death of the assured, but the amount thus exempted shall not exceed fifteen thousand dollars." (Emphasis supplied).

Noticeably, the exemption provisos set forth in each of the foregoing statutes relate exclusively to debts of a decedent, rights independent of creditors, or debts of a widow-beneficiary.

In that regard, this court has held the term "debts of a decedent" is not synonymous with "costs of administration." See In re Estate of Cory, 184 N.W.2d at 696. From this it unavoidably follows the exemptions found in those statutes alluded to above do not relate to probate fees, costs and expenses.

III. The question thus posed is whether, absent statutory preclusion, life insurance proceeds payable to a decedent's estate are subject to costs of administration thereof.

The guardian-conservator claims this question must be resolved adverse to administrator-attorney by reason of these pronouncements in the case of In re Estate of Galloway, 222 Iowa 159, 161, 269 N.W. 7, 8 (1936):

"'* * * Life insurance payable to personal representatives or to the estate, while, from legal logic or necessity, a part of the estate, is by force of the statute, held by the personal representatives in trust for distribution to the statutory beneficiaries. The personal representatives collect it, not for administration generally, but for the purpose of distribution to particular beneficiaries, in obedience to statutory command. Testator knew that his life insurance was exempt from use in payment of debts, and knew that, under the law, in the absence of a will or agreement or assignment to the contrary, it would inure to the benefit of

his widow. It is not to be lightly inferred that testator regarded his life insurance as part of his estate in the sense that it should be distributed to his creditors, in preference to his widow, or that he intended that his widow should forego the right or expectation which, under the law and its policy, and in pursuance of ordinary family prudence and foresight, she would have in it.'

"Thus we find this court has said that life insurance passes to the estate for the purpose of distribution to the beneficiaries. It is exempt under the statute from the payment of decedent's debts. The personal representative, or the estate, holds the money received from life insurance policies, in trust for the benefit of those designated to receive it under the statute. It does not come to the estate for the purpose of paying the debts of the personal representative, or the costs of administration, but purely as a trust fund, to be distributed to the beneficiary specified in the statute."

See also In re Estate of Clemens, 226 Iowa 31, 36, 282 N.W. 730 (1938).

Inceptionally we find no basis upon which to fault the foregoing statement regarding debts or rights of creditors. But as to both last cited cases reference to "costs of administration" is first dictum and next overlooks the clear-cut distinction noted in *Cory, supra*.

 Furthermore, a duly appointed executor is a fiduciary, thus frequently referred to as a trustee for all parties interested in an estate. See In re Estate of Swanson, 239 Iowa 294, 302, 31 N.W.2d 385 (1948); 31 Am.Jur.2d, Executors and Administrators, § 2; 33 C.J.S. Executors and Administrators § 142. See also Restatement, Second, Trusts § 6.

This court has also held, in the field of statutory construction, legislative intent is expressed by omission as well as by inclusion. Stated otherwise, the express mention of one thing implies the exclusion of others. See Richardson v. City of Jefferson, 257 Iowa 709, 715, 134 N.W.2d 528 (1965). And as heretofore indicated, no statute has been cited and we find none foreclosing payment of reasonable costs, fees and expenses out of insurance proceeds paid to a decedent's estate.

Moreover, decedent's surviving children do benefit by the collection, processing, accounting for and general administration of any such insurance derived funds.

We therefore now hold trial court, sitting in probate, correctly ordered payment of costs, fees and expenses attendant upon administration of this decedent's estate, to the extent reasonably necessary, out of funds received by the estate from any carrier of insurance on decedent's life.

All prior holdings by this court to the contrary are, to that extent, hereby overruled.

Affirmed.