In the Matter of the ESTATE of Milford
E. BROWN, Deceased.

No. 55531.

Supreme Court of Iowa.

March 28, 1973.

Richard C. Turner, Atty. Gen., George W. Murray, Sp. Asst. Atty. Gen., and Harry M. Griger, Asst. Atty. Gen., for appellant.

Wm. O. Anderson and Max O. Pelzer, Estherville, for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and HARRIS, JJ.

LeGRAND, Justice.

This appeal asks us to answer the question whether several insurance policies on the life of Milford E. Brown are subject to Iowa Inheritance tax. The Iowa Department of Revenue (hereafter called department) appeals from the trial court's ruling that they are not. We affirm that order.

Milford E. Brown and his wife, Ruth, were killed in an automobile accident in 1968. Milford E. Brown (hereafter called decedent) survived his wife by several hours. Decedent was insured by five policies with death benefits totalling $30,500.-00. Ruth Brown was insured by policies having death benefits of $18,000.00. Originally this controversy involved the proceeds of her policies, too, but the department has appealed only from that portion of the trial court's order which holds the insurance proceeds from decedent's policies exempt from inheritance tax.

Decedent's will makes no mention of insurance. The policies themselves designate no beneficiary. The parties agree the insurance funds are payable to decedent's two adult children under section 511.37, The Code, 1968, but disagree as to whether they must pay inheritance tax on the money they receive.

The case turns on the interpretation we give two relevant statutes, the pertinent parts of which we set out as follows:

"Section 511.37. A policy of insurance on the life of an individual, in the absence of an agreement or assignment to the contrary, shall inure to the separate use of the husband or wife and children of said individual, independently of his creditors. * * *"

"Section 450.3(1). The [inheritance] tax hereby imposed shall be collected upon the net market value and shall go into the general fund of the state to be determined as herein provided, of any property passing: (1) By will or under the statutes of inheritance of this or any other state or country. * * *"

The case was submitted on stipulated facts and the parties concede there is but one issue: Is section 511.37 a statute of inheritance? The department argues it is and that section 450.3(1) therefore becomes operative in imposing a tax on the payments. The executor states that the payments under section 511.37 constitute exempt payments to designated beneficiaries under a contract of insurance.

■ There is no dispute over these general principles: One, if a policy of insurance is made payable to a designated beneficiary (other than the insured himself or his executors or administrators) the proceeds are exempt from inheritance tax; two, if a policy of insurance is payable to the insured or to his estate or to his executors or administrators, the proceeds are subject to inheritance tax.

However, this case presents a third category, one in which there is *no* designation of beneficiary. The department argues this policy silence results in the same tax consequences as if the estate had been designated as the beneficiary. We do not agree with that conclusion. Although we have not passed on this question, we have at various times interpreted section 511.37 as far as its purposes are concerned.

In Rhode v. Bank, 52 Iowa 375, 377, 3 N.W. 407, 408 (1879), we said:

"The provision [now section 511.37] was manifestly designed to restrict the distribution of the avails of life insurance to the classes named. * * * Now these words [of the statute] are not used to cut off creditors. They were cut off before. Separate use, therefore, does not mean a use separate from the creditors. The restriction, then, must have reference to those who might otherwise take as distributees."

This was reiterated in In re Estate of Clemens, 226 Iowa 31, 33, 282 N.W. 730, 731 (1938) where we said:

"This statute [now section 511.37] performs a two-fold purpose. It provides that the proceeds of insurance shall be exempt from the creditors of the decedent. But it is more than an exemption statute. It specifically provides that if there is no agreement or assignment to the contrary, the surviving spouse or the children of the decedent shall have the proceeds of the insurance, not only to the exclusion of decedent's creditors, but likewise to the exclusion of his other heirs at law."

See also In re Galloway's Estate, 222 Iowa 159, 269 N.W. 7 (1936); Miller v. Miller, 200 Iowa 1070, 205 N.W. 870 (1925); In re Will of Grilk, 210 Iowa 587, 589, 231 N.W. 327, 328 (1930). See also 26 Iowa Law Review 579, 580 (1940).

The department relies on a statement in Miller v. Miller, supra, where we said by way of dictum that the section which is now 511.37 was "in the nature of a statute of inheritance." The department also says a 1926 attorney general's opinion (26 O.A. G. 380) is support for its position. However, both the Miller case and the attorney general's opinion were premised on policies made payable either to the estate or to the executor. We have already said we believe there is a significant difference between such a policy and the ones which we

have here. To the extent that Miller v. Miller conflicts with what we say here, it is no longer controlling.

If the present policies were made payable to the surviving children of decedent by naming them, the proceeds admittedly would be exempt from inheritance tax. We believe the same result would obtain if the policy had specifically provided for payment to the persons designated in section 511.37. Taking one more step, we hold the effect of decedent's silence as to beneficiaries is exactly the same. Decedent is presumed to have known the provisions of section 511.37. Nolte v. Nolte, 247 Iowa 868, 875, 76 N.W.2d 881, 886 (1956); In re Will of Grilk, supra, 210 Iowa at 589, 231 N.W. at 328. His silence may reasonably be taken as acceptance of that method of distribution just as clearly as if he had said so.

■ We might also invoke the principle that the existing law becomes part of a contract of insurance as though set out therein. 43 Am.Jur.2d, Insurance, section 289 (1969); 44 C.J.S. Insurance § 302 (1945). Cf. Bates v. Nelson, 240 Iowa 926, 932, 38 N.W.2d 631, 634 (1949).

The department attempts to analogize cases where a policy is payable to the estate or to the executor with cases like the present one where no beneficiary is designated. All the department's authorities, including those assembled in 73 A.L.R.2d 157, 177 (1960), are of the former type. They are not persuasive under the circumstances presently before us.

■ We hold payment of the death benefits under the policies on decedent's life were payable by the terms of the various contracts between decedent and the companies; that the provisions of section 511.37 form part of those contracts; that section 511.37 is not a statute of inheritance; and that section 450.3(1) does not impose an inheritance tax on the money received from the policies by decedent's children.

Affirmed.