JEFFERSON COUNTY FARM BUREAU, Appellant, v. O. H. SHERMAN et al., Appellees.

No. 39668.

JUNE 24, 1929.

*Miller & Everett* and *Frank Evans,* for appellant.

*William W. Simmons* and *Thoma & Thoma,* for appellees.

WAGNER, J.—The plaintiff is an association organized under Chapter 138 of the 1927 Code, for the purpose of improving and advancing agriculture, domestic science, animal husbandry, and horticulture. It is provided by said chapter, Section 2925, that:

"Such body corporate may be formed by the acknowledging and filing articles of incorporation with the county recorder, signed by at least ten farmers, landowners, or other business men of the county."

Other sections of said chapter having a bearing upon the question presented for our determination are as follows:

Section 2926. "Articles of Incorporation. Such articles of incorporation *shall* be as follows: * * *

"Article 4. The yearly dues of the members of this corporation *shall* be one dollar, payable at the time of applying for membership and on the first Monday in January of each year thereafter. No member having once paid his dues shall forfeit his membership until his subsequent dues are six months in arrears.

"Article 5. Any citizen of the county and any nonresident owning land in the county shall have the right to become a member of the corporation by paying the annual dues and thereafter complying with the articles and by-laws of the corporation." (The italics are ours.)

Section 2927. "Additional Provisions. Such articles may include other provisions which are not inconsistent with the provisions of this chapter and shall be recorded by the county recorder without fee."

Section 2929. "Powers of Association. Such association shall have power: * * *

"3. To use part or all of the sum annually received as *dues* from its members in payment of prizes offered in any department of its work, including agricultural fairs, short courses, or farmers' institutes." (The italics are ours.)

Section 2930. "Appropriation by Board of Supervisors. *When articles of incorporation have been filed as provided by*

*this chapter* and the secretary and treasurer of the corporation have certified to the board of supervisors that the organization has among its membership at least two hundred farmers or farm owners in the county and that the association has raised from among its members a yearly *subscription* of not less than one thousand dollars, the board of supervisors shall appropriate to such organization, from the general fund of the county, a sum double the amount of such subscription. Such sum shall not exceed, in any year, a total of five thousand dollars in counties with a population of twenty-five thousand or over, nor a total of three thousand dollars in counties with a smaller population.'' (The italics are ours.)

Section 2931. ''Limitation on Aid. The only farm improvement association which shall be entitled to receive such county aid shall be one organized to co-operate with the United States department of agriculture, the state department of agriculture, and the Iowa state college of agriculture and mechanic arts.''

Section 2932. ''Funds Advanced by Federal Government. The president and the secretary of the association shall, prior to the time of advancing any funds, as herein provided, certify to the board of supervisors the amount, if any, advanced to the association by the government of the United States for the ensuing year in aid of the objects of the association.''

The articles of incorporation are in exact accord with the requirements of Article 4 of Section 2926 of the Code, except that the expression ''five dollars'' is substituted in lieu of ''one dollar,'' as therein specified. The president, secretary, and treasurer of the plaintiff certified to the board of supervisors:

''That there have been filed with the county recorder, as provided by the Farm Aid Association Act, the articles of incorporation of this association; that this association is organized thereunder, and has among its membership more than two hundred farmers or farm owners in this county; that this association has raised from among its members a yearly subscription of one thousand, two hundred twenty-five ($1,225.00) dollars; that there has been advanced to this association by the government of the United States for the ensuing year in aid of its objects the

sum of six hundred dollars; and further, that this association has in all respects complied with the law applicable thereto.''

The record discloses that there have been no receipts from the members other than the annual dues of $5.00 for each member; in other words, nothing has been received or raised by way of ''subscription.''

The question to be determined under the issues is as to whether or not the plaintiff has complied with the conditions precedent or requirements resting upon it before it is entitled to an appropriation. It is the contention of the appellees that the plaintiff has failed in said requirements in that it charges for yearly dues the sum of $5.00, while the statutory requirement of $1.00 is mandatory, and that the plaintiff has raised nothing by way of ''subscription,'' but only by its requirement of the payment of excessive ''dues.'' It will be observed by the provisions of Section 2930 that the plaintiff is entitled to an appropriation only ''when articles of incorporation have been filed as provided by this chapter.'' It will also be observed that Section 2926 of the Code provides:

''Such articles of incorporation *shall* be as follows: * * * Article 4. The yearly dues of the members of this corporation *shall* be one dollar.''

It is the contention of the appellees that the aforesaid provisions of Section 2926 of the Code are mandatory, while the appellant contends that said provisions are only directory. It is the contention of the appellant that the word ''subscription'' in Section 2930 of the Code is synonymous with ''dues,'' or that it is immaterial how the money is raised from among the members; while the appellees contend that the appellant is not entitled to relief when there is no money raised other than by the payment of excessive ''yearly dues.'' The appellant argues that Article 4 of Section 2926 of the Code is a mere form for guidance in the drawing of the articles of incorporation. It will be observed, however, that the specification therein is not that the yearly dues of the members of the corporation shall not be less than $1.00, neither is the amount left blank, to be filled in by whatever amount might be agreed upon; but it states, in plain and unambiguous language, ''The yearly *dues* of the members of

this corporation *shall* be $1.00." It is a familiar and well recognized rule that, when a statute is clear, plain, and unambiguous, there is no room for construction. *Fry v. Fry*, 125 Iowa 424. It is also a well recognized rule of construction that the legislative intention is to be deduced from the language used, and the language is to be construed according to. its plain and ordinary meaning. *Drazich v. Hollowell*, 207 Iowa 427. It is provided by Paragraph 2 of Section 63 of the Code that, in the construction of statutes, words and phrases shall be construed according to the context and the approved usage of the language. It is also a rule of general recognition that, when a statute gives a right and creates a liability which did not exist at common law, and at the same time points out a specific method by which the right can be asserted and the liability ascertained, that method must be strictly pursued. *Cole v. City of Muscatine*, 14 Iowa 296; *Lease v. Vance*, 28 Iowa 509; *Conrad & Ewinger v. Starr*, 50 Iowa 470. The word "shall," appearing in statutes, is generally construed to be mandatory. If any right to anyone depends upon giving the word an imperative construction, the presumption is that the word was used in reference to such right or benefit. *Vail v. Messenger*, 184 Iowa 553. Under the statutory law, any citizen of the county and any nonresident owning land in the county shall have the right to become a member of the corporation by paying the annual dues. It was apparently the thought of the legislature to imperatively fix the dues at $1.00 so that any citizen of the county could financially afford to become and remain a member. While, under Section 2927 of the Code, the articles of incorporation may include other provisions, such other provisions must not be "inconsistent with the provisions of this chapter." . $5.00 is inconsistent with $1.00. If the incorporators can change the specified amount for dues from $1.00 to $5.00, they could just as readily fix the amount of dues at $100, or any greater or lesser sum. We cannot escape the conclusion that the requirement of Section 2926 of the Code relative to the amount of dues is mandatory, and not directory. This construction of the word "shall" is in accordance with its general use and construction. The statutory language is clear, plain, and unambiguous. Therefore, the plaintiff has not shown that it has filed articles of incorporation in accordance with the provisions of the

statutory law, and this is a condition precedent to its right to an appropriation by the board of supervisors.

Neither can it be successfully asserted that the amount collected by the plaintiff from its members on "dues" is a "subscription," within the meaning of Section 2930 of the Code.  "Subscribe" means "to agree in writing to furnish a sum of money or its equivalent for a designated purpose." Anderson's Law Dictionary. "Subscription" is "the act by which a person makes an agreement, over his signature in writing, to furnish a sum of money for a particular purpose; as a subscription to a charitable institution, a subscription for a book, for a newspaper, and the like." Bouvier's Law Dictionary (Rawle's Revision). The word "dues," as applied to clubs and other membership corporations, has reference to the sums paid by the members toward the support of the society and to retain their membership therein. *State ex rel. Supreme Lodge K. of P. v. Vandiver*, 213 Mo. 187 (111 S. W. 911, 15 Ann. Cas. 283); *Thompson v. Wyandanch Club*, 70 Misc. Rep. 299 (127 N. Y. Supp. 195); 19 Corpus Juris 832. In other words, the amount which one is required to pay on his dues in order to become a member and retain his membership in a society is not a "subscription," within the meaning of Section 2930 of the Code. Under Section 2929 of the Code, hereinbefore quoted, the association had the power to use all or any part of the sum annually received as "dues" for the purposes therein mentioned. It is quite apparent that the use of the word "dues" and "subscription" is not synonymous. Although the association might not raise the requisite amount from among its members by way of "subscription," to entitle it to the appropriation, the corporation provided for in said chapter would still exist. It was apparently the legislative thought and intent in fixing the dues that the nominal amount of $1.00 would not bar any citizen of the county, for financial reasons, from becoming and remaining a member of the corporation, and that the "subscription" from among its members referred to in Section 2930 of the Code could and should be raised from among its membership in any amount that each individual member might choose to subscribe. The appellant argues that it is immaterial how the money is raised by the members; but it will be observed that said section requires

that the money be raised from among its members, not by annual dues or otherwise, but by a "yearly subscription." It is the contention of the appellant, and not disputed by the appellees, that the word "shall" in Section 2930 of the Code is mandatory when the conditions have been complied with. We have hereinbefore shown why the use of the word "shall" in Section 2926 of the Code, a part of the same chapter, is mandatory, and not directory. It thus appears that the plaintiff has not filed articles of incorporation complying with Chapter 138 of the Code, and that it has not raised any money by "subscription," but only by the collection of "dues," which is not sufficient to entitle it, under the statutory law, to an appropriation by the board of supervisors.

Our sole province is to interpret the statutory law as it is written. If that law is not what it should be, the remedy lies with the legislative branch of our state government, and not in judicial construction.

The action of the trial court in dismissing plaintiff's petition and in rendering judgment against the plaintiff for costs is clearly right, and the same is hereby affirmed.—*Affirmed.*

ALBERT, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.