J. S. BOOTH, Appellant, v. MARTHA PROPP, Appellee, et al.

No. 41273.

APRIL 5, 1932.

F. M. Haradon and C. H. Van Law, for appellant.

F. E. Northup, for appellee.

WAGNER, C. J.—On September 11, 1928, a judgment was rendered in the District Court of Marshall County against Henry J. Propp and his wife, Martha Propp, upon a note in favor of the payee, who is the appellant herein. This judgment remains unsatisfied. Henry J. Propp died intestate November 22, 1929, leaving Martha Propp as his surviving widow. In the Propp family there are four daughters, two of whom are of age and the other two are minors, Martha being fifteen years old and Helen nineteen years of age. Henry J. Propp, the husband and father, held four policies of life insurance upon his life in the Guaranty Life Insurance Company of Davenport, in which policies the appellee, Martha Propp, was named as beneficiary. On November 27, 1929, the insurance company paid the beneficiary, Martha Propp, as due her on said policies the sum of $11,265.65. On November 30, 1929, the appellee, Martha Propp, transferred or

paid to her daughter Phyllis the sum of $5000.00 and deposited in the Fidelity Savings Bank of Marshalltown the sum of $6200.00. From the $6200.00 she voluntarily paid upon other indebtedness the difference between the amount originally deposited and $3964.24, which latter amount is the balance now remaining on deposit in said bank. On May 22, 1930, execution was issued upon the aforesaid judgment and the bank was garnished as a supposed debtor of Martha Propp. The widow made claim to said sum of $3964.24 as exempt to her under the law, and this is the sole matter presented to us for determination.

The statutory law which must be determinative of the case is Paragraph 4, Section 8776, Codes 1927 and 1931, which reads as follows:

"The avails of all policies of life or accident insurance payable to the surviving widow shall be exempt from liability for all debts of such beneficiary contracted prior to the death of the assured, but the amount thus exempted shall not exceed five thousand dollars."

It will be borne in mind that, prior to the death of Henry J. Propp, the wife (now widow), as well as her husband, was indebted to the judgment creditor. Under the aforesaid statutory law, the widow can not hold more than $5000.00 as exempt from liability for the payment of her debts contracted prior to the death of her husband. It is her contention that, since the amount now on deposit in the garnishee-bank does not exceed $5000.00, the same is exempt to her in accordance with her claim of exemption, and that no portion of the same can be subjected to the payment of the judgment. On the other hand, it is the claim of the judgment creditor that the $5000.00 which she paid to her daughter Phyllis represents the money and the amount to which, under the statute, she is entitled as exempt, and that the entire amount now on deposit in the garnishee-bank should be held for the payment of the judgment. The appellant in his argument frankly admits that he knows of no authorities in support of his contention.

The right to claim exemption is purely personal to the one in whose favor the right exists. See Murdy v. Skyles, 101 Iowa 549. Exemption is an affirmative statutory right. In other

words, exemption is a creation of the statute and any claim therefor must be predicated upon the statute. See Voris v. West, 180 Iowa 138; Morgan & Hunter v. Rountree, 88 Iowa 249; Dunbar v. Spratt-Snyder Company, 208 Iowa, 490; In re Estate of Tellier, 210 Iowa 20; In re Will of Grilk, 210 Iowa 587. It is also a well recognized rule that exemption statutes are to be liberally construed to effect their intent and purpose. See Swisher v. Swisher, 157 Iowa 55; Voris v. West, 180 Iowa 138; Dunbar v. Spratt-Snyder Company, 208 Iowa 490; In re Will of Grilk, 210 Iowa 587.

The record shows that the $5000.00 was paid by the widow to the adult daughter Phyllis, with the purpose in view that it was to be used by her (Phyllis) in the education of the children. The record shows that the widow parted absolutely with the title to said $5000.00 in money and that she did not retain any control over it. It must be borne in mind that in this proceeding the judgment creditor is not seeking to hold as a fraudulent conveyance or transfer the $5000.00 transferred by the widow to Phyllis. The sole question before us is as to whether the money now in the hands of the garnishee-bank is exempt to the widow. The entire avails of the insurance policies, to wit, $11,265.65, after the death of her husband were property belonging absolutely to the widow. Although the creditor had a judgment against the widow, he did not, without a levy under a writ of execution or attachment, have a lien upon any portion thereof. The aforesaid statute does not require that the widow shall collect the insurance money and hold all in excess of $5000.00 for the payment of the debts which she may have contracted prior to the death of her husband. Under said statute there is no prohibition against her using any portion of the amount collected. There was no statutory duty resting upon her to set aside $5000.00 as her exemption and to retain the rest for the payment of debts contracted by her prior to the death of her husband. If she had expended the entire sum before levy under execution she could not have been held liable to the creditor for conversion. She was under no duty to exercise her right of exemption until some creditor sought by means of a writ of attachment or execution to make a levy. In the instant case, when the creditor made the levy by garnishment proceedings, she then, as she had the right to do, exercised her statutory

right and privilege; she was under no duty to do so at any time previously. It is shown by the record that she did not, by giving the $5000.00 to the daughter Phyllis for the laudable purpose expressed, claim that particular $5000.00 as the money which she was entitled to as an exemption. The record shows that she did not by that act elect to consider that as her exemption. Let us give an apt illustration under another exemption statute. Under Section 11760, Code, 1931, if the debtor is a resident of this state and the head of a family he may hold exempt from execution two cows. Suppose that after judgment is obtained against this head of a family he has four cows and before execution is issued he disposes of two of the cows. It could not be successfully claimed that, by reason of said fact, he had disposed of the two which were exempt to him from execution and that the two retained by him were not exempt from execution. Likewise, under the record in the instant case, it cannot be successfully claimed that the $5000.00 disposed of by the widow to the daughter Phyllis constitutes that portion of the insurance money which was exempt to the widow. If appellant's contention be correct, then as soon as a widow-beneficiary has used $5000.00 for any purpose this fact in and of itself exhausts her rights in the remaining avails of the insurance. Such cannot be and is not the law.

Under the record in this case, before the execution was issued upon the judgment in favor of the creditor, the widow had disposed of all moneys collected on insurance, other than the sum of $3964.24. Since there is left in the garnishee-bank a sum not exceeding $5000.00, which the widow, in accordance with her statutory right to do so, now claims as exempt from execution, there can be no escape from the conclusion that the judgment of the trial court is correct. The same is hereby affirmed.—Affirmed.

STEVENS, FAVILLE, DE GRAFF, and ALBERT, JJ., concur.