RUFUS W. SCOTT, Administrator, Appellant, v. PEARL A. WAMSLEY, Appellee.

No. 42350.

MARCH 13, 1934.

REHEARING DENIED SEPTEMBER 18, 1934.

Joseph C. Picken and Paul H. Cunningham, for appellant.

Miller, Miller & Miller, for appellee.

STEVENS, J.—Appellee, Pearl A. Wamsley, is the surviving widow of J. E. Wamsley, deceased. At the time of his death, J. E.

Wamsley held a double certificate of insurance issued by the Iowa State Traveling Men's Association. The assured met his death in an automobile accident, and the case now before us involves a controversy between a creditor of both appellee and the assured as to the right of appellee to hold the proceeds of the policy as exempt from the lien of an attachment served by garnishment upon the clerk of the district court who has the proceeds of the policy, so far as they belong to appellee, in his possession. The policy by its terms named Al Wamsley trustee as the beneficiary. This designation was in contravention of the by-laws of the company, which provide that "no person shall be named as a beneficiary under certificate of membership issued by this Association unless the same be the wife, relative or legal representative of said member." The right of appellee to receive one-third of the proceeds of the policy amounting to $3,333.33 was adjudicated in a prior action in which she appeared as a plaintiff against the insurance company.

It is conceded that appellee and her husband were jointly indebted on two promissory notes at the time of his death to Julia A. Wamsley, now deceased. The appellant, Rufus W. Scott, is the administrator of her estate. Upon motion of appellee, supported by affidavit, the district court held that the fund in the possession of the clerk is exempt to her, and discharged the attachment.

The controversy before this court involves only the correctness of this ruling. The answer to the proposition thus tendered is to be found in the terms or proper interpretation of section 8776 of the Code of 1931. This section is as follows:

"A policy of insurance on the life of an individual, in the absence of an agreement or assignment to the contrary, shall inure to the separate use of the husband or wife and children of said individual, independently of his creditors.

"The proceeds of an endowment policy payable to the assured on attaining a certain age shall be exempt from liability for any of his debts.

"Any benefit or indemnity paid under an accident policy shall be exempt to the assured, or in case of his death to the husband or wife and children of the assured, from his debts.

"The avails of all policies of life or accident insurance payable to the surviving widow shall be exempt from liability for all debts of such beneficiary contracted prior to the death of the as-

sured, but the amount thus exempted shall not exceed five thousand dollars."

Not having been designated as beneficiary in the policy, the right of appellee to share in the proceeds thereof exists because of the provisions of the first paragraph of the aforesaid statute. Under it, the proceeds of the policy inured to the separate use of the wife, Pearl A. Wamsley, and the children of the insured. There being two children, each, in the action on the policy, was awarded one third of the amount due, which was $10,000. All parties agree that appellee is entitled to have distribution made to her of an amount equal to one-third of the above sum, independent of the debts of her husband. It is equally clear that but for the provisions of paragraph four of the statute already quoted, the said sum would be subject to the lien of an attachment or an execution in favor of a creditor of appellee. Is the fund in controversy, under the terms and provisions of said paragraph, exempt to appellee from the lien of the attachment?

Two widely divergent interpretations of the statute are presented by counsel for the respective parties. It is the theory of appellant that the exemption therein provided is limited strictly to the avails of a policy of life or accident insurance which, by its specific terms, is made payable to the surviving widow.

As against this analysis and interpretation of the statute, it is the contention of appellee that it is wholly immaterial whether or not the surviving widow is designated in the policy in specific terms as the beneficiary, as it was the legislative intent to exempt the avails or proceeds of life insurance payable to the surviving widow, either by the terms of the policy or, in the absence of such designation, payable to her as a matter of law. This phase of the statute has not previously been passed upon by this court.

The paragraph of section 8776 under discussion has only thus far been considered by this court in cases where the evidence showed that the policy involved was, by its terms, payable to the surviving widow. If the policy in this case had, in terms, designated appellee as the beneficiary, the avails thereof would be exempt from attachment or execution as against appellee's creditors. If the language of the statute is clear and without ambiguity, it must be given its usual and ordinary meaning and be deemed to have, in terms, expressed the legislative intent. It is true, and this fact is of vital

importance, that paragraph 4 deals only with the subject of exemptions. If the legislative intent obtainable from a proper interpretation of the statute was to exempt the avails of any and all policies of life insurance which inured to the benefit of the surviving widow, either by operation of law or by the terms of the policy, effect will and must be given to such intention. On the other hand, if the statute, in terms, limits the exemption to the avails of policies which by their terms are made payable to the surviving widow, like effect must be given thereto. There is no doubt ample reason why the legislature should have extended the exemption so as to include the avails of all policies of insurance distributable to the surviving widow, either by the terms of the policy or otherwise. Does the statute in question, either in terms or by implication, evince such intention?

The question is one of legislative intent. Much emphasis is given by counsel to the historical sequence of the respective paragraphs of section 8776. Paragraph 4 of the present statute was enacted by the Twenty-fourth General Assembly as chapter 28. The title to the act reads as follows: "An Act to amend Section 1182, of the Code of 1873 [section 8776, Code of 1931] and exempting funds realized from life insurance from debt." The title, it will be observed, is somewhat awkwardly phrased, but it does, to some extent at least, reflect the legislative intent. If it were the legislative intent, and same can be gathered from the language of the enactment, that all of the avails of life insurance inured to the benefit of the widow, whether under the express terms of the policy or by operation of law, then the ruling of the district court, of which appellant complains, was right and must be sustained. It is a rule of general application that exemption statutes will be liberally construed so as to give effect to their purpose and intent. Booth v. Propp, 214 Iowa 208, 242 N. W. 60, 81 A. L. R. 919.

As suggested above, what reason or motive could have inspired the members of the legislature to exempt the avails of life or accident insurance distributable to the surviving widow by the terms of a policy and not have extended a like exemption to all of the avails thereof inuring to her benefit by operation of law? The reason for creating the exemption is as persuasive to one as to the other. There is no valid reason why the legislature should desire to limit the exemption created by the enactment to the avails of life or accident insurance passing to the surviving widow as a

designated beneficiary and deny the same right to similar avails inuring to her benefit under and by virtue of the statute. The first paragraph of section 8776 had long been in existence when chapter 28, Laws of the Twenty-fourth General Assembly, was enacted.

Of the many cases cited and relied upon by appellant, but one, In re Estate of Tellier, 210 Iowa 20, 230 N. W. 545, contains language in any way inconsistent with the right of appellee to claim the avails of her husband's accident policy as exempt under the facts of this case to the same extent as the same would have been exempt if she had been the designated beneficiary in the policy. Each and all of the cases thus far decided by this court involve policies in which the surviving widow was named as the beneficiary. There is some language in the Tellier case which tends slightly to sustain appellant's contention, but it must be observed that the court was there dealing with a wholly different situation, a situation which in no respect involved the question now before us. No question as to the right of the beneficiary to claim the exemption was there involved. The claim asserted in that case was by the heirs at law of the deceased beneficiary. The legislative intent, as expressed in the statute, would seem to be clear. The avails of the policy in controversy were by the terms of the statute payable in part to appellee, payable to her as a matter of law, if not otherwise. Perhaps language more apt and better intended to express the legislative meaning could have been employed but the court must take the statute as it is and, if possible, give effect to the legislative intent.

The foregoing expresses the view of a majority of the court. The writer, with whom Justice Kindig concurs, reaches the opposite conclusion. The latter are of the opinion that the statute in clear, unequivocal terms exempts only the avails of life insurance which, by the terms of the policy, are made payable to the surviving widow. The legislative intent is thus clearly expressed.

It is the conclusion of the court that the funds in controversy are exempt from the claims of appellee's creditors and that the motion to discharge the attachment was properly sustained.— Affirmed.

CLAUSSEN, C. J., and EVANS, ALBERT, MITCHELL, ANDERSON, KINTZINGER, and DONEGAN, JJ., concur.

STEVENS and KINDIG, JJ., dissent.