IN RE ESTATE OF LILLIE KLUG, deceased.

MARIETTA DE SAUVAGE and DAVENPORT BANK AND TRUST COMPANY, executor of will of Lillie Klug, appellants, v. STATE TAX COMMISSION, appellee.

No. 50032.

(Reported in 104 N.W.2d 600)

August 2, 1960.

Doerr, Dower & Rehling and Edward A. Doerr, of counsel, of Davenport, for appellants.

Norman A. Erbe, Attorney General, and Gary S. Gill, Special Assistant Attorney General, both of Des Moines, for appellee.

GARRETT, J.—This suit for a declaratory judgment involves the construction of sections 450.11 and 567.8 of the Code of Iowa, 1958. The inheritance tax involved has been paid at the rate of 20% and recovery of one half thereof is sought. The sole question is whether the applicable rate of inheritance tax is 20% as provided by the former section or 10% under the terms of the latter section, both set out as follows:

"450.11 Alien beneficiaries. When property or any interest therein shall pass to heirs, devisees, or other beneficiaries subject to the tax imposed by this chapter, who are aliens, nonresidents of the United States, the same shall be subject to a tax of twenty percent of its true value except when such foreign beneficiaries are brothers or sisters of the decedent owner or are within the class described in subsection 1 of section 450.10, when the rate of tax to be assessed and collected therefrom shall be ten percent of the value of the property or interest so passing."

"567.8 Aliens' inheritances.

"1. The right of aliens not residing within the United States or its territories to take real property in this state by succession or testamentary disposition, upon the same terms and conditions as residents and citizens of the United States is dependent in each case upon the existence of a reciprocal right upon the part of citizens of the United States to take real property upon the same terms and conditions as residents and citizens of the respective countries of which such aliens are residents and the right of aliens not residing in the United States or its territories to take personal property in this state by succession or testamentary disposition, upon the same terms and conditions as residents and citizens of the United States is dependent in each case upon the existence of a reciprocal right upon the part of citizens of the United States to take personal property upon

the same terms and conditions as residents and citizens of the respective countries of which such aliens are residents.

"2. The burden shall be upon such nonresident aliens to establish the fact of existence of the reciprocal right set forth in subsection 1. * * *."

Section 567.1 throws some light upon legislative intent.

The facts were stipulated. The value of the beneficial interest of plaintiff Marietta de Sauvage, a national of Belgium and a nonresident of the United States, in the estate of her aunt, Lillie Klug, a resident of Iowa, is $54,292.55. "Under the laws of the Kingdom of Belgium, United States citizens, whether or not residents of Belgium, were, at all times material herein, entitled to take real property and personal property by succession and testamentary disposition upon the same terms and conditions as residents and citizens of Belgium. Specifically (but without limiting the general nature of the foregoing) such identity of terms and conditions includes an identity in rate of inheritance tax. This paragraph is not an admission by defendant State Tax Commission that an inheritance tax or the rate of such tax constitutes a term or condition of succession or testamentary disposition."

The trial court held section 450.11 controlled the assessment and plaintiffs have appealed.

I. Section 450.11 standing alone requires no construction. It is appellants' contention however, that section 567.8, which became effective in 1951, long after section 450.11 was enacted, modifies the earlier statute and fixes the rate of tax applicable here at 10%; that the latter section being the later enactment and in the nature of a special enactment prevails over the earlier and broader section.

The primary rule in the construction of a statute is to ascertain and give effect to the intention of the legislature. City of Emmetsburg v. Gunn, 249 Iowa 297, 86 N.W.2d 829; McKinney v. McClure, 206 Iowa 285, 289, 220 N.W. 354, 356; Jefferson County Farm Bureau v. Sherman, 208 Iowa 614, 618, 226 N.W. 182, 184; Smith v. Thompson, 219 Iowa 888, 258 N.W. 190; Keokuk Water Works Co. v. Keokuk, 224 Iowa 718, 277 N.W. 291.

In Jefferson County Farm Bureau v. Sherman, supra, this

court said: "It is also a well-recognized rule of construction that the legislative intention is to be deduced from the language used, and the language is to be construed according to its plain or ordinary meaning."

"The purpose of statutory construction is to ascertain the intent of the legislature." McKinney v. McClure, supra.

82 C. J. S., Statutes, section 321, states: "The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention or purpose of the legislature as expressed in the statute."

An additional authority is 50 Am. Jur., Statutes, section 223: "In the interpretation of statutes, the legislative will is the all important or controlling factor. Indeed, it is frequently stated in effect that the intention of the legislature constitutes the law. The legislative intent has been designated the vital part, heart, soul, and essence of the law, and the guiding star in the interpretation thereof. Accordingly, the primary rule of construction of statutes is to ascertain and declare the intention of the legislature, and carry such intention into effect to the fullest degree. A construction adopted should not be such as to nullify, destroy, or defeat the intention of the legislature."

See McGraw v. Seigel, 221 Iowa 127, 263 N.W. 553, 106 A. L. R. 1035; Booth v. Propp, 214 Iowa 208, 242 N.W. 60, 81 A. L. R. 919.

The courts are required to interpret the language used by the legislature fairly and sensibly in accordance with the plain meaning of the words used. Green v. Brinegar, 228 Iowa 477, 292 N.W. 229.

In the construction of statutes "words and phrases shall be construed according to the context and the approved usage of the language; * * *." Section 4.1(2), Code of 1958. Section 4.2 with reference to the Code provides: "Its provisions and all proceedings under it shall be liberally construed with a view to promote its objects and assist the parties in obtaining justice."

"The court should, when possible to do so, construe a legislative enactment so as to give intelligent purpose to its provisions and assume that the legislature realized the need therefor. Hansen v. Henderson, 244 Iowa 650, 56 N.W.2d 59." Byers

v. Iowa Employment Security Commission, 247 Iowa 830, 833, 76 N.W.2d 892, 894.

In this division we have set out the facts and issues involved and have stated the general rules of construction applicable thereto. Further authorities will be cited in connection with specific questions considered.

II. The legislature, with full knowledge of the provisions of section 450.11 which subjects certain aliens who are non-residents of the United States to payment of an inheritance tax of 20% on property passing to them by inheritance or devise, in 1951 enacted chapter 215, Acts of the Fifty-fourth General Assembly, which now appears as section 567.8, Code of 1958. The Act was entitled "AN ACT to amend chapter six hundred thirty-six (636), Code 1950, relating to descent and distribution and providing that aliens may inherit to the extent that citizens of the United States may inherit in such foreign country." It will be observed the amendment is to chapter 636 which relates to "Descent and Distribution of Intestate's Property." By editorial arrangement the section now appears in chapter 567 relating to Rights of Aliens. No reference is made therein to any form of taxation.

If the General Assembly had intended chapter 215 to change the long-existing inheritance tax statute, section 450.11, it could and no doubt would have expressed such intent and would have expressly modified the inheritance tax statute accordingly. It was dealing with descent and distribution of the property of decedents in express terms and it seems incredible that repeal or modification of the inheritance tax laws was within its contemplation. It was dealing with the *rights of aliens to take property in this state* by succession or testamentary disposition rather than with the repeal or modification of taxes on property or property rights. We are of the opinion the legislative intent was to leave section 450.11 in full force and effect.

The following quotation from the order of the trial court seems appropriate here: "Chapter 636 has regulated the devolution of property upon death since the Code of 1851. It does not deal with the determination of inheritance tax, which has

been regulated without interruption since 1897 by chapter 450. One chapter decides who shall take and how much; the other fixes the tax to be paid."

III. Appellant urges with much force that where reciprocal rights prevail aliens not residing in the United States may take property by succession or testamentary disposition in this state "upon the same terms and conditions as residents and citizens of the United States", and this includes, they claim, taxation on an equal basis.

We have said the fact it was chapter 636 which was amended by adding to it what is now section 567.8, rather than either chapter 567 or chapter 450, indicates a legislative intent not to modify section 450.11. Whether this premise is sound depends upon the proper construction to be given the words "upon the same terms and conditions." Does this phrase either expressly or by implication repeal the 20% provision of section 450.11? Certainly it does not expressly do so and we are not disposed to hold it does so by implication.

The right here involved is "the right to take * * * property in this state by succession or testamentary disposition." As hereinafter stated, that is the right to take after a tax on the right of succession is deducted, and the inheritance tax is in no sense a tax on the property taken by appellants.

Section 450.11 is still in full force and effect unless it is repealed by implication by section 567.8. "Repeals by implication are not favored by the courts and will not be upheld unless the intent to repeal clearly and unmistakably appears from the language used and such a holding is absolutely necessary. The general rule is that if by any fair and reasonable construction prior and later statutes can be reconciled both shall stand. * * * The rule that repeals by implication are not favored has special application to important public statutes of long standing. 50 Am. Jur., Statutes, section 546; 59 C. J., Statutes, section 510, pages 908, 909; * * *." Yarn v. City of Des Moines, 243 Iowa 991, 997, 54 N.W.2d 439, 442, and citations.

See also Smaha v. Simmons, 245 Iowa 163, 168, 60 N.W.2d 100, 103; Robbins v. Beatty, 246 Iowa 80, 67 N.W.2d 12.

We find no language in section 567.8 from which an intention to repeal, modify or supersede section 450.11 appears clearly or unmistakably or even by implication. It is difficult to infer the intention to repeal or modify a tax statute of long standing from an examination of a later statute amending the chapter on descent and distribution of intestate property, and relating the taking of property by aliens by succession or testamentary disposition, no mention of taxation being made. We conclude had the legislature intended a repeal or modification of section 450.11 it would have done so expressly and not by uncertain implication.

IV. Section 567.8 was copied from the California law after that law had been construed by the courts of that state definitely to apply to inheritance tax statutes. "Had the language been borrowed from the statutes of a sister state we would go for light to the construing decisions, if any, of that state. Such decisions would not be conclusive on us, especially if not rendered before our legislature adopted the language in question. But even subsequent decisions in the jurisdiction where the legislation originated would be entitled to unusual respect and deference. 50 Am. Jur., Statutes, section 323; 59 C. J., Statutes, sections 627, 628." Stromberg Hatchery v. Iowa Employment Security Commission, 239 Iowa 1047, 1050, 33 N.W.2d 498, 501.

See also 82 C. J. S., Statutes, section 372; In re Bevilacqua's Estate, 31 Cal.2d 580, 191 P.2d 752 (same case Cal. App. 161 P.2d 589); Estate of Blak, 65 Cal. App.2d 232, 150 P.2d 567; Estate of Arbulich, 41 Cal.2d 86, 257 P.2d 433.

We cannot however, in view of section 450.11 and prior decisions of this court, accept the construction of the statute by the California courts as in harmony with the legislative intent in this state.

V. Appellant contends that inheritance taxes constitute a "condition" upon the privilege of inheritance and in support thereof cite In re Estate of Anderson, 166 Iowa 617, 147 N.W. 1098, 52 L. R. A., N. S., 686; In re Estate of Anderson, 205 Iowa 324, 218 N.W. 140; Tavener v. Tax Commission, 231 Iowa 162, 300 N.W. 653; Mager v. Grima, 8 How. (U. S.) 490, 12 L.

Ed. 1168; United States v. Perkins, 163 U. S. 625, 16 S. Ct. 1073, 41 L. Ed. 287.

 We do not consider an extensive discussion of these cases necessary but will take some quotations therefrom. In re Estate of Anderson, 166 Iowa 617, 620 to 623, involved the tax due by reason of the inheritance of an estate by citizens of the Kingdom of Denmark. A treaty between the United States and Denmark contained Article 7 which read:

"The United States and his Danish majesty mutually agree, that no higher or other duties, charges, or *taxes* of any kind, shall be levied in the territories or dominions of either party, *upon any personal property, money,* or effects, of their respective citizens or subjects, on the removal of the same from their territories or dominions reciprocally, either upon the inheritance of such property, money, or effects or otherwise, than are or shall be payable in each state, upon the same, when removed by a citizen or subject of such states respectively."

We quote from the opinion of Ladd, C. J.: "Of course, the statute must yield to the terms of this article if in conflict therewith. Opel v. Shoup, 100 Iowa, 407; Doehrel v. Hillmer, 102 Iowa, 169. Treaties are to be 'liberally construed, so as to carry out the apparent intention of the parties to secure equality and reciprocity between them. * * *'. It will be noted that discrimination is to be avoided in charges or taxes levied 'upon any personal property, money or effects.' As to whether the word 'effects' should be construed to include real estate need not be determined; * * *. The collateral inheritance tax is not levied upon any of these. The authorities are agreed that this is neither a property nor a personal tax. It is referred to in Herriott v. Bacon, 110 Iowa, 342, as 'the tax on the succession to property.' * * * It is the succession or transmission or receipt of property occasioned by death that is subject to the tax."

The opinion then quotes from Knowlton v. Moore, 178 U. S. 56, 20 S. Ct. 753, 44 L. Ed. 969: "Although different modes of assessing such duties prevail, * * * nevertheless tax laws of this nature in all countries rest in their essence upon the principle that death is the generating source from which the particular taxing power takes its being and that it is the

power to transmit, or the transmission from the dead to the living, on which such taxes are more immediately rested."

Then follows a quotation from United States v. Perkins, 163 U. S. 625, 16 S. Ct. 1073, 41 L. Ed. 287: "Thus the tax is not upon the property, in the ordinary sense of the term, but upon the right to dispose of it, and it is not until it has yielded its contribution to the state that it becomes the property of the legatee. * * * We think that it follows from this that the act in question is not open to the objection that it is an attempt to tax the property of the United States [in this instance the United States was the devisee], since the tax is imposed upon the legacy before it reaches the hands of the government. The legacy becomes the property of the United States only after it has suffered a diminution to the amount of the tax, and it is only upon this condition that the Legislature assents to a bequest of it."

The opinion written by Judge Ladd then continues: "The tax is deducted by the executor or administrator from the legacy or share of the lateral heir or legatee and paid by him to the State Treasurer. As held in the case last cited, the portion exacted as a tax never reaches the person taking the estate as his property, and therefore the language of the treaty was not applicable thereto. The statute may well be construed as regulating the transmission of the property of deceased persons, and, independent of treaty right, neither the unwritten law nor the Constitution prohibits discrimination between citizens and foreigners in these respects."

The exaction of the inheritance tax was held not to be in conflict with the treaty.

The Tavener case, supra, at page 166 of 231 Iowa, states: "The tax, however, is upon the succession or the right to take by succession." (Citing many cases)

The second Anderson case cited, 205 Iowa 324, supra, involved inheritance taxes on the property of Anders Anderson, a resident of Plymouth county and citizen of Denmark. It was claimed that under the terms of the treaty above mentioned, decedent's mother, a citizen of and domiciled in Denmark, should take the estate free from inheritance taxes as she would

have done had she resided in the United States. The opinion states at page 331: "We have no disposition to depart from the rule announced in the Pedersen case, and, adhering thereto, we hold that the provisions of Chapter 38, Acts of the Thirty-ninth General Assembly, imposing an inheritance tax upon an estate passing to aliens who are residents of the kingdom of Denmark greater than is imposed upon citizens of the United States, are not in contravention of the provisions of Article VII of the treaty between the United States and the kingdom of Denmark."

In the case of In re Estate of Peterson, 168 Iowa 511, 517, 151 N.W. 66, 69, L. R. A. 1916A 469, where a treaty with Sweden was involved, we said: "As already stated, we do not regard this tax as a droit de detraction. It is not imposed upon the removal of the property, but upon the right to take or receive the same by descent or inheritance. Indeed, it is not in a strict sense a tax upon property at all. The tax is imposed before it reaches the heir or devisee, as the case may be, and the property passes after it has suffered a diminution to the amount of the tax; the portion exacted as a tax never reaches the person taking the estate. Such is the uniform holding of the cases." (Citing cases)

"The tax is not a tax (though it is a lien) on the property itself, or upon the estate, but upon the succession or right to take by succession." In re Estate of Meinert, 204 Iowa 355, 358, 213 N.W. 938, 939.

Reverting, then, to the treaty provisions which dominate the issues here we find from the stipulation that, "Under the laws of the Kingdom of Belgium, United States citizens, whether or not residents of Belgium, were, at all times material herein, *entitled to take real property and personal property* by succession and testamentary disposition *upon the same terms and conditions* as residents and citizens of Belgium." Citizens of Belgium of course have reciprocal rights. Our prior decisions have said that the inheritance tax is not a tax on property or upon the estate but upon the succession or right to take by succession. Since under the Belgian law it is only real and personal property which may be taken on the same terms and

conditions and since we have held in many decisions that neither of these is involved in inheritance taxation, we must affirm the decision of the trial court.—Affirmed.

LARSON, C. J., and GARFIELD, THOMPSON, HAYS, PETERSON, and THORNTON, JJ., concur.

OLIVER, J., not sitting.