In the Matter of the ESTATE OF Joseph Albert DEBLOIS, III, Deceased,

Barbara A. DEBLOIS, Executor of the Estate of Joseph Albert Deblois, III, Deceased, Appellee,

v.

DEPARTMENT OF the TREASURY/INTERNAL REVENUE SERVICE and Massachusetts Mutual Life Insurance Company, Defendants,

State of Iowa ex rel. Department of Revenue & Finance, Appellant.

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Third–Party Plaintiff,

v.

Barbara A. DEBLOIS, Appellee.

No. 94–360.

Supreme Court of Iowa.

April 26, 1995.

Thomas J. Miller, Atty. Gen., Harry M. Griger, Sp. Asst. Atty. Gen., and Marcia Mason, Asst. Atty. Gen., for appellant State of Iowa ex rel. Dept. of Revenue and Finance.

Wayne M. Newport, Davenport, for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

ANDREASEN, Justice.

This case requires us to consider if the exemption of Iowa Code subsection 627.6(6) (1991), relating to life insurance proceeds, applies to taxes collectable under Iowa Code section 422.26. In a declaratory judgment action, the district court ruled life insurance proceeds payable to the surviving spouse are subject to a tax lien if she is jointly and severally liable for the tax, subject to a statutory exemption of $15,000. Upon review we affirm in part, reverse in part, and remand.

I. *Background.*

On July 23, 1992, Joseph Albert Deblois III (Joseph) died testate, a resident of Scott County, Iowa. He was survived by his spouse Barbara A. Deblois (Barbara) who was named and appointed as executor of her husband's estate. At the time of his death Joseph owned four life insurance policies issued by Massachusetts Mutual Life Insurance Company (insurer) that named Barbara as sole beneficiary. The cash surrender value of the policies at the time of his death was $9,726.70 and the face value of the policies was $124,588.71.

Prior to Joseph's death, the Internal Revenue Service (IRS) had levied against the life insurance policies for income and withholding tax assessments, penalties and interest. Also, the State of Iowa, Department of Revenue (department) had assessed deficiencies for income tax for 1986, 1987, and 1988.

After Joseph's estate was opened, the department filed preferred claims in probate for $13,204.93 based on the 1986–1988 income tax deficiency. The claim was later amended to include income tax deficiencies for 1989, 1990, and 1991 for a total sum of $45,364.29. The department stated the tax became a lien against the decedent's property and rights to property by operation of law under Iowa Code section 422.26.

In August of 1993 the executor filed a petition for declaratory judgment against the IRS, the department, and the insurer. The petition asked that the insurer deposit the life insurance proceeds with the clerk of court and that the court declare whether the general statutory exemptions are available as to the IRS and department tax claims.

The insurer filed an answer, counterclaim, and cross-petition for interpleader to bring Barbara into the action as the named beneficiary of the life insurance policies. The court ordered the interpleader and discharged the insurer upon its deposit of $140,535.22, the amount then due on the policies. Barbara adopted the allegations contained in the petition for declaratory judgment that had been filed by her as executor of the estate. She alleged that she was not jointly liable on the income tax returns because the joint returns were signed without her authority. Barbara claims the insurance proceeds are exempt from execution and that the proceeds should be distributed to her free of any tax lien.

The IRS and the department filed a stipulation relating to tax lien priorities and urged the exemptions claimed should not be allowed.

The petition for declaratory judgment was submitted to the court based on the pleadings, briefs, and oral arguments of counsel. In its ruling, the court recognized the IRS could perfect its lien as to the cash surrender value of the policies as to the decedent's tax debt. To the extent the liens were unperfected prior to Joseph's death, the court found the insurance proceeds passed outside the estate as exempt property to Barbara. However, if Barbara "is jointly and severally liable on the tax debt, said proceeds that pass outside the estate are nevertheless subject to the liens of the IRS and [the department]." If Barbara "is jointly liable for the tax, $15,000 of said liability may be exempt

from the claims of the IRS and [the department] under the last unnumbered paragraph of Iowa Code section 627.6(6)."

By its ruling the court rejected the department's claim that no property of the taxpayer is exempt from the collection of income tax and penalties. This issue was raised at trial in the pleadings, in the claims filed in probate, and in the briefs filed by IRS and the department.

The court made no finding as to whether Barbara was a taxpayer. Although the IRS and the department identified both Joseph and Barbara as taxpayers, Barbara alleged in her cross-petition that she did not join her husband in the execution of the income tax returns filed with IRS and the department. The court's declaratory ruling was limited to determining if an exemption may be claimed by Barbara if she is jointly and severally liable for the taxes.

We agree that under the record in this case, the court cannot make a finding as to Barbara's individual tax liability. What the court can do is enter a declaratory judgment as to the Iowa law regarding the exemptions granted to individuals who have a property interest in a life insurance policy and to a surviving spouse who is a beneficiary under the policy.

The parties in this appeal are the department and Barbara, individually and as executor of her husband's estate. The parties agree our review is for error of law. *See* Iowa R.App.P. 4.

II. *Exemptions.*

■ Judgments or orders entered by the court requiring payment of money or the delivery of possession of property are enforced by execution. Iowa Code § 626.1. Certain property or property interests of a debtor who is a resident of Iowa may be exempt from execution. Iowa Code § 627.6. The statutory exemption provisions are binding upon the state. *Ohio Casualty Ins. Co. v. Galvin,* 222 Iowa 670, 677, 269 N.W. 254, 258 (1937).

A debtor who is a resident of this state may hold exempt from execution:

The interest of an individual in any accrued dividend or interest, loan or cash surrender value of, or any other interest in a life insurance policy owned by the individual if the beneficiary of the policy is the individual's spouse, child, or dependent. . . .

In the absence of a written agreement or assignment to the contrary, upon the death of the insured any benefit payable to the spouse, child, or dependent of the individual under a life insurance policy shall inure to the separate use of the beneficiary independently of the insured's creditors.

. . . .

In case of an insured's death, the avails of all matured policies of life, accident, health, or disability insurance payable to the surviving spouse, child, or dependent are exempt from liability for all debts of the beneficiary contracted prior to death of the insured, but the amount thus exempted shall not exceed fifteen thousand dollars in the aggregate.

Iowa Code § 627.6(6).

■ When construing this exemption, we have recognized

These statutes, particularly the latter, plainly establish public policy of the state that the avails of life insurance shall be devoted to the benefit of surviving spouse and children, free from payment of debts. These statutes are a part of the exemption legislation of the state, the main purpose of which is to support and protect the family, the spouse and children, and to educate and train the young. Such statutes are to be liberally construed toward effectuating that purpose.

*In re Will of Grilk,* 210 Iowa 587, 589, 231 N.W. 327, 328 (1930). The exemption of insurance proceeds payable to a surviving spouse against the debts of the insured and the debts of the surviving spouse contracted prior to death is available whether the insurance proceeds are payable under express policy terms or by operation of law. *Scott v. Wamsley,* 218 Iowa 670, 674, 253 N.W. 524, 527 (1934). Like a great number of states, Iowa protects the proceeds of life insurance policies from the claims of creditors. *See* 31 Am.Jur.2d *Exemptions* § 190, at 740 (1989).

### III. *Debtor–Creditor.*

█ Iowa's exemption statute refers to protection of debtors from the claims of creditors. Both the IRS and the department urge the exemption should not apply because a tax is not a debt. Generally, a statute granting a general exemption from debts does not include within its protection such unusual debts as taxes, unless the statute expressly, or by clear implication covers them. 31 Am.Jur.2d *Exemptions* § 294, at 790–91 (1989). "Furthermore, an exemption of property from execution does not prevent it from being taken for the payment of taxes." *Id.*

We have stated "a tax is not a debt, within the commonly accepted definition of the word." *Eide v. Hottman,* 257 Iowa 263, 265, 132 N.W.2d 755, 756 (1965) (unpaid taxes cannot be deducted from monies and credits as a debt). We have held the exemption is not applicable against a claim for alimony. *In re Bagnall,* 238 Iowa 905, 29 N.W.2d 597 (1947). We noted the nature and purpose of alimony "does not arise from any business transaction but from the marital relation. It is not founded on either an express or implied contract...." *Id.* at 938, 29 N.W.2d at 614.

Although we have not previously determined if section 627.6(6) includes within its protection a judgment or lien for payment of income tax, we need not construe the statute because the exemption is excluded as to tax claims against taxpayers.

### IV. *Exclusion of Exemption.*

█ A general tax lien against a taxpayer attaches to all of the taxpayer's property and rights to property. 26 U.S.C. § 6321; Iowa Code § 422.26. The federal tax lien extends to items of personal property exempt from the claims of creditors under state law. 35 Am.Jur.2d *Federal Tax Enforcement* § 10, at 18 (1967). Enforcement of the federal tax lien is authorized by levy. 26 U.S.C. § 6331(a). Special rules are provided as to levy upon a life insurance or endowment contract. *Id.* § 6332(b). Although specific exemptions are provided by federal law, life insurance or its proceeds are not exempt from levy. *Id.* § 6334. Under subsection 6334(c) "no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)." *Id.* As stated by the Supreme Court "[t]his language is specific and it is clear and there is no room in it for automatic exemption of property that happens to be exempt from state levy under state law." *United States v. Mitchell,* 403 U.S. 190, 205, 91 S.Ct. 1763, 1771, 29 L.Ed.2d 406, 416 (1971). Iowa's exemption statute is ineffective against the federal statutory lien for income tax. *See Fried v. New York Life Ins. Co.,* 241 F.2d 504, 505 (2d Cir.1957) (proceeds of disability insurance exempt from claims of creditors by state statute are not exempt from federal income tax lien), *cert. denied,* 354 U.S. 922, 77 S.Ct. 1382, 1 L.Ed.2d 1437. The determination of whether a taxpayer has an interest in property levied upon by the federal government to collect unpaid taxes is governed by state law; the determination of the exemption is governed by federal law and statutes. *Iowa Fair Plan v. United States Internal Revenue Dep't,* 257 N.W.2d 626, 628 (Iowa 1977).

█ Whenever a taxpayer liable to pay an Iowa income tax refuses or neglects to pay the tax, the amount, including interest and penalty, is a lien in favor of the state upon all property and right to property belonging to said taxpayer. Iowa Code § 422.26 (1991). The statute provides in part:

> The department shall, substantially as provided in sections 445.6 and 445.7, proceed to collect all taxes and penalties as soon as practicable after the same become delinquent, *except that no property of the taxpayer shall be exempt from the payment of said tax.*

*Id.* (emphasis added). The Iowa legislature has the power to establish an exemption and the power to take the exemption away. It is clear from the language used, that the legislature intended to deny an exemption when executing on a taxpayer's property to collect state income taxes.

█ Neither Joseph nor the executor of his estate can claim exemption from Iowa income tax assessments. If Barbara is a

taxpayer who failed to make required income tax payments, she cannot claim an exemption of the proceeds she received as beneficiary under her husband's life insurance policies. The district court was mistaken in declaring she may be able to claim $15,000 as exempt from execution of the state tax claim.

We affirm in part, reverse in part, and remand for entry of a declaratory judgment not inconsistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**