**IOWA DEPARTMENT OF REVENUE AND FINANCE, Appellant,**

v.

**Larry D. PETERSON, Appellee.**

**No. 93–1597.**

Supreme Court of Iowa.

May 24, 1995.

Thomas J. Miller, Atty. Gen., Harry M. Griger, Sp. Asst. Atty. Gen., and Lucille M. Hardy, Asst. Atty. Gen., for appellant.

Reta Noblett–Feld of the University of Iowa Clinical Law Programs, and Debra King, Student Legal Intern, Iowa City, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

HARRIS, Justice.

This case presents something of an impasse between two statutes. One of them sets limits on the amount of earnings that can be subject to garnishment. The other grants an unlimited lien for unpaid taxes on the property of persons who owe them. This appeal tests which of the two of these statutes must yield to the other. The trial court determined that the tax lien provision must yield to the statute limiting the reach of creditors pursuing collection by a garnishment. We think the broad sweep of the tax lien takes precedence, and hence reverse.

Defendant Larry D. Peterson accumulated a liability of several thousand dollars for delinquent state income taxes. Pursuant to Iowa Code section 422.26 (1991)[1] the Iowa department of revenue and finance (the department) issued a distress warrant to Peterson's local sheriff, requesting seizure and sale of all Peterson's real or personal property. Sometime later the department sent the sheriff an order of levy, directing garnishment of Peterson's wages. This document stated that all of Peterson's disposable earnings were nonexempt and subject to garnishment. In compliance, the sheriff served a notice and interrogatories on Peterson's employer. Peterson then filed a written resistance that was considered by the district court.

The district court ruled that the department could not garnish all of Peterson's wages, that the department, like other creditors, was subject to the limitations of Iowa Code section 642.21.[2] The matter is before us on the department's appeal from that ruling. Our scope of review on this legal question is on error. Iowa R.App.P. 4.

I. It is contended that the appeal should be decided by applying a rule of statutory construction regarding general and specific statutes. *See* Iowa Code § 4.7 (if general provision conflicts with a specific one, and if, but only if, the conflict is irreconcilable, the special provision prevails). We need not resolve the parties' dispute as to which of the two statutes is general and which is specific. The familiar rule of construction does not apply here because there is no conflict. Iowa Code section 422.26 provides a lien for tax liabilities, whereas Iowa Code section 642.21 provides exemptions from garnishment. The exemption contained in the first sentence of section 642.21(1) exists only to the extent provided by the federal consumer credit pro-

1. Iowa Code § 422.26 provides in relevant part:
   **Lien of tax—collection—action authorized.**
   Whenever any taxpayer liable to pay a tax and penalty imposed refuses or neglects to pay the same, the amount, including any interest, penalty, or addition to such tax, together with the costs that may accrue in addition thereto, shall be a lien in favor of the state upon all property and rights to property, whether real or personal, belonging to said taxpayer.
   . . . .
   The department shall, substantially as provided in this chapter and chapter 626, proceed to collect all taxes and penalties as soon as practicable after they become delinquent, ex-

cept that no property of the taxpayer is exempt from payment of the tax.

2. Section 642.21 provides in relevant part:
   **Exemption from net earnings.**
   1. The disposable earnings of an individual are exempt from garnishment to the extent provided by the federal Consumer Credit Protection Act, Title III, 15 U.S.C. secs. 1671–1677 (1982). The maximum amount of an employee's earnings which may be garnished during any one calendar year is two hundred dollars for each judgment creditor. . . .

tection act. The federal act expressly states it does not apply to tax liabilities. 15 U.S.C. § 1673(b)(1)(C) (1982). As an additional protection to debtors, Iowa Code section 642.21 also limits to $200 per year the amount that can be garnished. Peterson believes, and the district court held, that under this section the garnishment should be confined to the $200 annual limitation. The department insists that its lien under Iowa Code section 422.26 takes precedence, and is subject to no such limitation.

II. Although we seem never to have decided the precise question presented here, we did recently decide a closely analogous one involving the same tax lien statute and a different statute granting exemptions relating to proceeds of life insurance policies. *In re Estate of Deblois,* 531 N.W.2d 128 (Iowa 1995), was decided after submission of this appeal. Of course neither present counsel nor the trial court had the benefit of that opinion. Joseph Albert Deblois III, who died with a substantial state tax liability, owned four life insurance policies. Taxing authorities, also citing the tax lien provided by Iowa Code section 422.26, sought to collect the deficiency from life insurance proceeds and Deblois' executor resisted, citing Iowa Code section 627.6(6) (life insurance proceeds paid to certain close relatives are exempt from execution).

Deblois' executor raised substantially the same contentions urged here. The life insurance exemption statute (section 627.6(6)) serves a somewhat different, but clearly analogous, purpose to that served by the garnishment exemption statute.

We held the exemption statute did not apply to tax claims against the taxpayer. 531 N.W.2d at 131. This was because, as the department urges in the present case, section 422.26, in granting the lien on all taxpayer's property, expressly overrides all exemptions ("no property of the taxpayer shall be exempt from the payment of the tax"). We said:

> The Iowa legislature has the power to establish an exemption and the power to take the exemption away. It is clear from the language used, that [in section 422.26] *the legislature intended to deny an exemption when executing on a taxpayer's property to collect state income taxes.*

531 N.W.2d at 131 (emphasis added). The same reasoning applies here.

The protections from garnishment accorded debtors in Iowa Code section 642.21 do not apply against the department of revenue and finance when it garnishes to enforce a tax lien created by Iowa Code section 422.26. The trial court should have allowed the department to proceed with garnishment. The judgment must be reversed and the case remanded for entry of judgment accordingly.

**REVERSED AND REMANDED.**